# Wheeling.

## WILLIAM HINTON, ADM'R, *vs.* LEWIS BALLARD.

### August Term, 1869.

1. A defendant can only take advantage of a defective return on a summons by a plea in abatement.

2. A plea in abatement not being an issuable plea, cannot be filed to set aside an office judgment, and must be filed at rules, before office judgment is entered, except where the cause making the filing of a plea in abatement necessary occurs after the office judgment is entered at rules; in which case it may be filed at the first opportunity afterwards.

3. Where a plea in abatement has been rejected, and the defendant then asks leave to demur to the declaration, and is refused, and on a subsequent day of the same term the order refusing leave to demur is set aside, and leave to demur is given, but the defendant declines to do so, the error in refusing the leave to demur is cured.

The action was trespass for "unlawfully seizing, taking and carrying away certain property of the plaintiff," by the defendant's decedent, Wilson Lively.

The writ was issued on the 10th of January, 1866, and was made returnable to February rules, when the declaration was filed, and common order taken; and the common order was confirmed at March rules, and a writ of enquiry awarded. This was all done upon an insufficient return of the officer upon the writ.

At a special term of the court held on the 27th day of July, 1866, the officer, upon the plaintiff's motion, had leave to amend his return upon the writ, which amendment was made in open court. On the 10th of August, the officer, upon his own motion, had leave further to amend his return, which amendment was made in open court. Thereupon the defendant offered to introduce evidence to disprove the truth of the last amended return in two particulars: first, to show that the summons was not left at the de-

fendant's usual place of abode; and second, that it was not explained to the person to whom the process was delivered. The court overruled the motion.

The defendant then moved the court to remand the cause to rules, because it appeared that from the returns and amended returns the cause had been improperly placed on the court docket; which motion the court overruled. The defendant then amended his motion to remand the cause to rules in general terms. This motion was also overruled.

The defendant then offered a plea in abatement, duly sworn to, because of a departure in the declaration from the writ. This plea was rejected.

The defendant then asked leave to demur to the plaintiff's declaration; which permission was refused, and the defendant excepted.

The defendant then offered a second plea, in abatement, and it was rejected. The plea was because of another action pending for the same cause. The defendant pleaded not guilty, and not guilty in one year, and issues were joined. These latter proceedings occurred on the 11th of August, and the cause was continued until the next term.

On the 13th of August, an offer was made to the defendant's counsel to set aside the order refusing permission to demur to the declaration, with leave to demur; but the counsel declined to avail himself of the offer.

On the 29th day of September (the regular term), the defendant tendered another plea in bar, justifying the trespass, under a military order, and involving distinctly the question of "belligerent rights." But the court rejected the plea, and the defendant excepted. The cause was thereupon continued.

At the November term a jury was sworn, but failed to find a verdict.

At the April term, 1867, another jury was sworn, and found a verdict for 1,167 dollars, with interest from the 7th of April, 1863. But, upon a suggestion of the court, they added the interest, amounting to 280 dollars, to the damage, making 1,447 dollars of damages to draw interest

from the date of the judgment.　After the verdict had been modified, a motion for a new trial was made, because of this error in the verdict; which the court overruled, and the defendant excepted.

During the progress of the trial, and before the jury retired from the court, the defendant asked the court for various instructions, none of which were given except the fifth ; the other five were either refused or modified, and the defendant excepted.

There were several errors alleged in the petition to this court pertaining to instructions asked by the defendant below, on the question of belligerent rights, but they were not considered here.

The defendant brought the case here on a writ of supersedeas.

*Lamb & Paull* for the plaintiff in error.

*Stanton & Allison* for the defendant in error.

MAXWELL, J.　The first ground of error assigned is because the court refused to remand the cause to rules when the return on the writ was amended.

The officer who served the summons in this case made a defective return on which an office judgment was taken at rules.　At the next term of the court, on motion of the plaintiff, leave was granted the officer to correct his return.

The officer accordingly corrected his return, but it still was defective.　The case was then continued until the next term of the court.　At the then next term of the court the officer appeared in court, and on his own motion, had leave to further amend his return, which he then did.　The defendant then moved the court for permission to introduce evidence for the purpose of showing that the said return as amended was false in two particulars, which motion the court overruled.　The return was signed by A. P. Meadows, constable, &c.　The defendant made no objection to the return for any want of authority in the officer to make it, nor did he object to its sufficiency in any other respect, but pro-

posed to prove that it was false in alleging that the officer left an office copy of the summons at the defendant's usual place of abode, and in alleging that the purport of said summons was explained to the party with whom he left said copy.

The question as to the want of authority of the constable to make the return was not made in the court below, and cannot be made here.

The amended return showed that the process had been regularly served on the defendant. The 18th section of chapter 171 of the Code of Virginia, provides that a defendant on whom process summoning him to answer appears to have been served, shall not take advantage of any defect in the writ, or return, unless the same be pleaded in abatement. The defendant then attempted to take advantage on motion of what he only could reach by plea in abatement, and the court very properly refused to allow him to do so. If the defendant had offered a plea in abatement instead of making his motion, I think it would have been the duty of the court to have allowed it to be filed even in that stage of the case. It was the first appearance of the defendant, and at the very moment before he did appear, the return on the process which he alleged to be false was made. Up to that time he was not required to appear, because process did not appear to have been executed upon him. If the return had been made at first in the form as last amended, the defendant could then have taken advantage of it only by filing his plea at rules, but as the return did not exist in its present form at rules it seems to me that he must have an opportunity to contest it in the mode prescribed by law by his plea in abatement. *Hunt* vs. *Wilkinson,* 2 Call, 49.

The next cause of error assigned is that it was error in the court to reject the plea in abatement.

It appears that at the same term of the court, and on the next day after the defendant made the motion before referred to, he offered to file a plea in abatement of the variance between the writ and the declaration, and afterwards offered to file another plea in abatement to the effect

586     COURT OF APPEALS OF WEST VIRGINIA.

Aug. Term,  ·         Hinton, adm'r, vs. Ballard.         1869.

that the plaintiff had another suit then pending against other parties for the same trespasses.

In respect to the last mentioned plea, it was neither a good plea in abatement nor in bar, and was very properly rejected without reference to the time when it was tendered. Any variance in the writ from the declaration can only be taken advantage of by plea in abatement.

The Code of Virginia, chapter 171, section 19, provides that pleas in abatement for the want of jurisdiction of the court, "shall not be received after the defendant has demurred, pleaded in bar, or answered to the declaration or bill, nor after a rule to plead on a conditional judgment or decree *nisi*."

The Code is silent as to the time when pleas in abatement for other causes may be filed. The 44th section of the chapter before referred to, provides, that "every judgment entered in the office in cases wherein there is no order for an enquiry of damages, and every non suit or dismission entered therein shall, if not previously set aside, become a final judgment if the case be in the general or circuit court, of the last day of the next term, or the 15th day thereof, whichever shall happen first," &c.

The 45th section provides, "If a defendant against whom judgment is entered in the office shall, before it becomes final, appear and plead to issue, it shall be set aside, unless an order for enquiry of damages has been executed, in which case it shall not be set aside without good cause," &c.

It has been uniformly held that a plea in abatement is not an issuable plea or a "plea to issue," which can be allowed under section 45 to set aside an office judgment.

2 Tucker Com., 254; *Hunt* vs. *Wilkinson*, 2 Call, 49; *Wicke* vs. *Macklin*, 2 Rand., 426; *Dearden* vs. *Holden*, 1 Burrows, 605.

A plea in abatement not being a "plea to issue," which can be filed to set aside an office judgment, it follows necessarily that all such pleas must be filed at rules before office judgment entered, except when the cause making the filing of a plea in abatement necessary occurs after the office

judgment is entered at rules, in which case it may be filed at the first opportunity afterwards.

The plea in abatement in the case under consideration should have been filed at rules, and was properly rejected by the court when offered to set aside the office judgment.

The third cause of error assigned is that the court erred in refusing to allow the defendant to demur to the declaration. After the pleas in abatement were rejected the defendant asked permission to demur to the plaintiff's declaration, which permission was refused by the court and excepted to by the defendant.

At another day of the same term the court made an order in the cause, setting aside the order refusing permission to the defendant to demur to the declaration, and gave him leave to demur, whereupon the defendant declined to demur. The error committed by the court in refusing to allow the defendant to demur was thus cured. All the other questions made in the record have reference to the belligerent rights of the defendant. Upon the whole case I can see no error, and am of opinion the judgment will have to be affirmed, with damages and costs to the defendant in error.

The other judges concurred.

JUDGMENT AFFIRMED.