# Charleston.

## WILLIAM W. R. CALLIHAN *vs.* JAMES D. HALL'S HEIRS.

### January Term, 1871.

The heirs of H. file a bill to enforce the execution of a contract for the exchange of lands, made between H., in his life-time, and C. The bill alleges that H. derived title to one-ninth part of one of the tracts so exchanged, from one W. and wife, by deed of conveyance, which was burned up and never admitted to record. It is held on demurrer that W. and wife are necessary parties, because it was necessary for the purposes of the bill to set up the conveyance from them. No possession by H., and those claiming under him, can bar a recovery by W. and wife, because they cannot dispute the title of their vendors.

This was a suit in equity brought by the heirs-at-law of James D. Hall, the complainants below, against defendant Callihan, in the circuit court of Barbour county, to October rules, 1865. In March, 1867, that court rendered the decree complained of. The cause was determined here on a demurrer to the bill, and a statement thereof appears in Judge Maxwell's opinion.

The defendant appealed to this court.

Hon. Thomas W. Harrison, judge of the circuit court of Barbour, presided on the hearing of the cause.

*C. Boggess* for the appellant.
*A. F. Haymond* for the appellees.

MAXWELL, J. The complainants in the court below filed their bill as the heirs at law of James D. Hall, deceased, against Callihan, to enforce the specific execution of a con-

tract for the exchange of lands, alleged to have been made between the said James D. Hall, deceased, in his life-time, and the said Callihan.   There was a demurrer to the bill, which was overruled, and the first cause of error assigned is to the judgment overruling the demurrer.

The bill alleges that the said James D. Hall, derived title to one-ninth part of one of the tracts exchanged from one Wheeler and wife, by deed of conveyance, which deed was burned up and never admitted to record.   Wheeler and wife are not made parties to the bill, and the demurrer is for that cause.

As it becomes necessary for the purposes of the bill to set up the conveyance from Wheeler and wife, they are necessary parties.   It is suggested here by the appellees, that the possession of the land by James D. Hall and those claiming under him, is adverse to Wheeler and wife, and has been long enough to bar a recovery of it by them.   It is sufficient answer to this to say that Hall and those claiming under him, claim as the vendees of Wheeler and wife, and as such cannot dispute their title.   *Clark* v. *McGuire*, 10 Gratt., 305.

The decree complained of will have to be reversed, with costs to the appellant, and the cause remanded with leave to amend the bill and make further parties.

The remaining judges concurred with Maxwell, J.

DECREE REVERSED.