# Charleston.

JAMES F. LEWIS *vs.* BENIAH BOTKIN.

January Term, 1871.

A return stating that service was made by "posting an office copy hereof on the front door of each of their dwelling houses," is defective: First, because it does not appear that he *left* a copy posted at the front door, as the statute prescribes; and second, because it does not appear that it was at the "usual place of abode" of the defendants, as also prescribed by the statute.

The opinion of Judge Maxwell contains a statement of the points at issue.

*Miller* and *Quarrier* for the plaintiff in error.
*Smith* and *Knight* for the defendant in error.

MAXWELL, J.   Beniah Botkin, the defendant in error, brought an action of trespass against James F. Lewis and others, in the circuit court of Kanawha county.   Process was made returnable at the April rules, 1862, when the declaration was filed and common order taken against the defendant Lewis, and three of the other defendants, and at the May rules the office judgment was confirmed against the same parties, and a writ of enquiry awarded.

At the June term of the court the case was on the office judgment docket, and when it was reached on the regular call of the docket, the defendant Lewis appeared by his counsel, and moved the court to quash the return of the officer endorsed on the summons as to him, and remand the cause to rules as to him, which motion the court overruled.

The defendant Lewis then demurred to the declaration and entered a plea of not guilty. There was afterwards a jury and verdict of guilty against Lewis, and damages assessed against the defendants at 750 dollars, and judgment entered by the court for the damages. The case is brought here by writ of error to be reviewed.

The first question for consideration is that arising on the motion to quash the return of the officer as to the service of the summons. The return endorsed on the process is as follows : "Served as to the defendants James F. Lewis and John N. Clarkson, on the 7th day of April, 1862, by posting an office copy hereof on the front door of each of their dwelling houses, they not being found, nor no white member of their or either of their families, at their said dwelling houses or places of abode—balance of defendants not found.                JAMES ATKINSON, Crier."

The mode of serving process at the time the summons was in the hands of the officer was this, "by delivering a copy thereof in writing to the party in person, or if he be not found at his usual place of abode, by delivering such copy and giving information of its purport to his wife, or any white person found there, who is a member of his family and above the age of sixteen years; or if neither he nor his wife, nor any such white person be found there, by leaving such copy posted at the front door of said place of abode." Code Va., p. 703.

If the return of the officer does not show upon its face that the summons was served in some one of the modes prescribed by the statute, the motion to quash it having been made in time, should have prevailed. The first mode of service provided for is that of actual service upon the party in person, by delivering to him a copy of the process in writing, and this is the only mode provided that is necessarily a service in fact. All other service may be only constructive and not actual. The return in this case does not indicate an actual service upon the defendants in person. Nor does it indicate a service in the next mode provided

for by delivery of a copy to the defendant's wife, or any white person who is a member of his family above the age of sixteen years; but it is intended to be a service in the third mode provided, namely, by leaving a copy posted at the front door of the usual place of abode of the defendant, neither he nor his wife, nor any white person who is a member of his family, and above the age of sixteen years, being then found there.

The language of the return is, "by posting an office copy hereof on the front door of each of their dwelling houses."

The first question presented by this return is, does the language of the return "by posting an office copy hereof on the front door," mean the same as the language of the statute, "by leaving a copy posted at the front door?" When the service is to be on the defendant in person, the language used is, "may be served by delivering a copy * * in writing, to the party in person," and when the service is to be upon the wife or other member of the family of the person intended to be served, the language is, "by delivering such copy and giving information of its purport," &c. But when the service is to be by posting, the language used is, "by leaving a copy posted," &c. It would seem that the legislature meant something by the language used. All the purposes of the service of the summons are accomplished when a copy is delivered to the defendant in person, and if a defendant, upon a copy of the summons being delivered to him, should return it to the officer, and the officer should carry it away with him, the service would be good. The object of posting the summons is that the defendant, when he returns to his usual place of abode, may see it; and the legislature has been careful to use such language as will best carry out this object. It does not merely require the copy of the process to be posted at the front door, but to be left posted at the front door.

The law requires the officer serving process to make return of the manner and time of service. Upon a motion to quash the return of an officer of the service of a summons, the

truth of what is stated in the return, cannot be questioned. It must be regarded as true then, in this case, that the officer posted an office copy of the summons on the front door, and on the front door is equivalent to at the front door. Can it be true that the officer posted a copy on or at the front door, and not be true that he left a copy posted on or at the front door? If this state of facts could exist, and is not precluded by the face of the return, then the return, in this particular, would not be sufficient. It requires no stretch of the imagination to suppose that although the officer posted the copy at the front door, yet he may not have left it posted there, and the return is, therefore, in this respect, not sufficient.

The next question raised by the return is, is the language therein used, "on the front door of each of their dwelling houses," equivalent to the language of the statute, "his usual place of abode"? In other words, is "dwelling house" equivalent to "usual place of abode," as used in the statute? Usual place of abode, means the place at which the party usually stays at the time. Can a man have a dwelling house which is not his usual place of abode, and where he does not usually stay? If he can, the return is bad. A man might have a dwelling house and not dwell or stay in it at and about the time of the service or attempted service of process. The case of *Gadsden* v. *Johnson*, reported in 1 Nott & McCord's Rep., p. 89, is very much in point. In that case, it appears that Gadsden had a place of residence in Charleston, South Carolina, which he left on the 25th day of November, and to which he returned about the 29th day of May, following; that in the meantime he was staying at another dwelling house which he owned in the country, in the neighborhood of Charleston. During the time he was absent from his place of residence in Charleston, process was attempted to be served on him by leaving a copy at his place of residence in the city. It was held that the process was not properly served. The act under which the attempt was made to serve the process, is similar to ours, and pro-

vided that the copy should be left at the *usual* place of abode. Upon principle, as well as on the authority of this case, the return of the officer in this case is not sufficient in this particular, as well as in that before referred to.

For the failure of the court below to quash the return for the foregoing reasons, the judgment complained of will have to be reversed, with costs to the plaintiff in error, and this court, proceeding to enter such judgment as the court below ought to have rendered, should quash the return of the officer, as to the defendant Lewis, and remand the case to the court below, to be thence remanded to rules for further proceedings to be had therein.

The other Judges concurred.

JUDGMENT REVERSED.