CRAIG HATFIELD *v.* U. S. COAL & COKE *et al.*

(CC 446)

Submitted Septenber 29, 1931.    Decided November 17, 1931.

*G. R. C. Wiles* and *James Damron,* for plaintiff.

*Blue, Dayton & Campbell, Walton S. Shepherd, Jr.* and *Goodykoontz & Slaven,* for defendant United States Coal & Coke Co.

LITZ, PRESIDENT:

The object of this suit is to enjoin the prosecution of an action of ejectment by defendant, United States Coal & Coke Company (a corporation), against defendant, Craig Hatfield, and others; and to cancel the evidence of its title to the land in controversy (in Mingo county), consisting of a tract of 413.01 acres and a tract (within the first) of 64 acres. The trial court sustained a demurrer to the bill of complaint, and, pursuant to chapter 135, section 1, Code 1923, as amended by chapter 28, Acts 1925 (58-5-1, Code 1931), certified its ruling to this court for review.

Plaintiff claims title under the following conveyances: Deed from S. D. Hatfield to L. J. Hatfield (mother of plaintiff), dated March 9, 1903, conveying the 413.01 acres; deed from L. J. Hatfield to Robert L. Hatfield (father of plaintiff), trustee, dated December 8, 1905, conveying the 413.01 acres for the benefit of plaintiff and his brother, John B.

Hatfield; deed from W. B. McClure, commissioner of school lands of Wyoming county, to Jesse R. Irwin, dated April 14, 1886, conveying 20,000 acres of which the 64-acre tract is a part; deed from Jesse R. Irwin to J. C. Williamson and James Hatfield, dated September 29, 1898, conveying the 64-acre tract; deed from J. C. Williamson and wife to L. J. Hatfield, dated March 3, 1903, conveying one-half, undivided, of the 64-acre tract; deed from L. J. Hatfield and husband to James Hatfield, dated February 1, 1907, conveying one-half, undivided, of the 64-acre tract; deed from James Hatfield and wife to plaintiff, Craig Hatfield, dated September 8, 1909, conveying one-half, undivided, of the 64-acre tract; and deed from James Hatfield and wife to plaintiff, dated September 2, 1912, conveying the remaining one-half of said tract.

Defendant asserts title under the following conveyances and judicial decrees: Deed from L. J. Hatfield and Robert L. Hatfield, her husband, to M. Z. White, dated May 15, 1909, conveying the 413.01 acres; a decree of the circuit court of Marion county, dated November 27, 1911, in a school land proceeding instituted in Logan county in 1893, before the creation of Mingo county, and transferred to Kanawha county, and thence to Marion county, to which M. Z. White, L. J. Hatfield, Robert L. Hatfield, Craig Hatfield, John B. Hatfield and others were made defendants by an amended bill filed in the cause, at August Rules, 1907, adjudicating title in M. Z. White to all of the 413.01 acres, except the portion thereof embraced within the 64-acre tract; deed from M. Z. White and wife to United Thacker Coal Company, dated March 1, 1912, conveying the 413.01 acres; a decree of the circuit court of Marion county in said cause, dated November 15, 1912, adjudging the forfeiture of the 64-acre tract for non-entry on the land books, and directing sale thereof, for the benefit of the school fund, by S. B. Robinson, school land commissioner of Logan county; deed from said school land commissioner to United Thacker Coal Company, dated June 25, 1913, conveying the 64 acres under a sale made pursuant to the last mentioned decree; and deed from United Thacker Coal Company to defendant, dated September 15, 1917, conveying the 413.01 acres.

The bill alleges that L. J. Hatfield was living separate and apart from her husband, Robert L. Hatfield, at the time of her conveyance to him of the 413.01 acres for the benefit of plaintiff and his brother, John B. Hatfield; that the title thereto was in the state at the time of the conveyance by S. D. Hatfield to L. J. Hatfield; that plaintiff and his brother, John B. Hatfield, became vested with title thereto in 1909 by reason of possession and payment of taxes by L. J. Hatfield and Robert L. Hatfield; that the return of service of process in the school land proceeding is false in so far as it recites service on plaintiff, J. S. Hatfield, L. J. Hatfield, Robert L. Hatfield or John B. Hatfield; that plaintiff and John B. Hatfield were infants at the time of the purported service of process upon them and at the times of the entrys of the decrees, specified, in the school land proceeding; that no guardian ad litem was appointed therein to represent the interest of either; and that plaintiff had no knowledge or notice of any of the proceedings in said cause until 1922, when United States Coal & Coke Company instituted a suit in the circuit court of Mingo county to cancel the deeds under which he claims title to the 64-acre tract, which cause was later dismissed upon motion of plaintiff therein; that thereafter in December, 1927, said United States Coal & Coke Company instituted an ejectment against Craig Hatfield and others for the 413.01 acres; that plaintiff and those under whom he claims have been exercising open, notorious, adverse, hostile and continuous possession of the 64 acres, and paying taxes thereon, since 1903.

The bill prays that the United States Coal & Coke Company be enjoined from further prosecuting its action of ejectment; that the title of the plaintiff to the land in controversy be declared valid; and that the deeds from L. J. Hatfield and Robert L. Hatfield, her husband, to M. Z. White, from M. Z. White to United Thacker Coal Company, from S. B. Robinson, commissioner of school lands, to United Thacker Coal Company, and from United Thacker Coal Company to the United States Goal & Coke Company be cancelled as clouds upon the title of plaintiff.

The suit being a collateral attack upon the decrees referred to in the school land proceeding, the only ground suggested rendering them void and therefore susceptible to such attack is the alleged false return of service in the former cause. It will be noted (1) that the plaintiff claims title under section 3, Article XIII of the Constitution by possession and payment of taxes, beginning many years after the institution of the school land proceeding, and (2) that Jesse R. Irwin, the only person appearing to have had any interest in the land at the time of the institution of the suit in 1893, was made a party defendant. So, it would seem unnecessary to have named Craig Hatfield in an amended bill filed in 1907, as a party claiming some interest in the subject matter. But suppose it is required of the state in such suit to bring in all persons who may, after its institution, acquire some claim, should the plaintiff be permitted, after lapse of more than twenty years, to deny that he was served with process? He relies upon the case of *Nuttalburg Smokeless Fuel Company* v. *First National Bank of Harrisville*, 89 W. Va. 438, as abrogating the verity rule and permitting a collateral attack on the service of process in any case. In the *Nuttalburg* case, the process was served upon T. C. Beury as president of the defendant corporation. He had formerly held such position, but was not an officer of the company at the time of service. The return, therefore, was not false in the recital of the fact that it had been served upon the individual named, but was untrue in the assumption that he was then an officer of the corporation. Even in states adhering to the verity rule, attack is sometimes permitted upon the recitals in a service in so far as they assume facts. ''While a sheriff's return of service may be conclusive on the parties so far as it concernes the sheriff's physical acts, and as his recitals respecting the person on whom the service was made and the date thereof, it is not conclusive as to his conclusion of law that the person on whom service was made represented the defendant in such capacity as to authorize service on him.'' *Higgam* v. *Iowa Travelers' Association*, 183 Fed. 845. There is no claim in the bill that plaintiff has had possession of, or paid taxes on, the 413.01 acres, since the deed from L. J.

Hatfield and Robert L. Hatfield, her husband, to M. Z. White, May 15, 1909. This implies an abandonment of title. The bill, however, alleges that the plaintiff has had possession of, and paid taxes on, the 64 acres continuously since 1903, and relies upon this allegation to meet the charge of laches in instituting suit. The bill, as already indicated, however, merely alleges that the plaintiff did not know of the decrees complained of or the existence of the school land proceeding until 1922. No explanation is offered for such ignorance, notwithstanding the prompt recordation in Mingo county of the deeds sought to be cancelled and the claim of the United Thacker Coal Company, which the bills show originated about 1905. Moreover, he did not in any wise raise the question in the suit brought by the United States Coal & Coke Company against him, in 1922, to cancel his claim of title.

The ruling of the circuit court, is therefore, affirmed.

*Affirmed.*