J. H. LOONEY *v.* WEST VIRGINIA HARDWOOD COMPANY

(No. 7310)

Submitted February 14, 1933. Decided February 21, 1933.

386

*W. F. Boggess,* for plaintiff in error.

MAXWELL, PRESIDENT:

This writ of error was awarded the plaintiff for the purpose of reviewing the action of the circuit court of Monroe County in sustaining a motion to quash an execution. The execution was based on a judgment for $400.00 in favor of the plaintiff and against the defendant July 10, 1930. The judgment was founded on a verdict.

The summons in the action was issued by the circuit clerk of Monroe County and addressed to the sheriff of Kanawha. The sheriff made prompt return that he served the summons on the defendant by delivering a true copy thereof in Kanawha County to the defendant's statutory attorney, R. E. McCabe. When the case came on for trial in the circuit court of Monroe, the defendant appeared specially by counsel and moved to quash the return for the reason that R. E. McCabe was not the statutory attorney for the defendant. This motion was not acted upon by the court. No further appearance being made by the defendant, the court caused a plea of not guilty to be entered in defendant's behalf and impanelled a jury to try the issue, with resultant verdict mentioned.

The defendant's motion to quash the return of service did not properly raise the question sought to be presented. The return being regular and sufficient on its face, the proper method to challenge the verity of the return was by plea in abatement. Code 1923, chapter 125, section 15. A challenge of a return, such as was sought to be interposed in this case on special appearance by the defendant, presents a question of fact which can be raised and tried only on plea in abatement, timely interposed. *Ruffner* v. *Steamship Co.,* 94 W. Va. 211, 118 S. E. 157. A motion to quash a return is proper only where the defect appears on the face of the papers.

It was developed in the hearing before the circuit court, upon motion to quash the execution, that R. E. McCabe was not attorney in fact for the defendant, as recited by the sheriff in his return. The mistake of the sheriff seems to have arisen from the fact, as appears from the records of the office of the clerk of the county court of Kanawha, that Mr. McCabe was statutory attorney for the West Virginia Hardwood

Lumber Company, a different corporation from the defendant herein. The names of the two corporations are alike except that the word "Lumber" does not appear in defendant's name.

We are impressed that the execution should not have been quashed.

It is a time-honored rule of this commonwealth that a sheriff's return imports verity. The rule has been departed from only within narrow scope. *Nuttallburg Smokeless Fuel Co.* v. *First National Bank*, 89 W. Va. 438, 109 S. E. 766. As already noted, a challenge of a fact recited in the return should be raised by plea in abatement. But where such course is not taken and a matter goes to judgment, what is the situation? May a defendant against whom judgment has been obtained, and who had actual notice of the pendency of the suit, though no defense on the merits was made, challenge the verity of the sheriff's return on motion to quash an execution issued on the judgment? We have no case so holding.

The case of *Nuttallburg, etc* v. *Bank, supra*, was a chancery proceeding for the purpose of vacating a judgment which had been taken by default against the fuel company in an action whereof the fuel company had no notice. The summons was served on one Thomas C. Beury, as president of the fuel company when in fact he was not such president. He had been president but was not at the time. He did not communicate to the fuel company information that he had been so served with summons. It was our holding in that case that a court of equity may vacate a judgment rendered in consequence of a false return where no notice, actual or constructive, was received by the defendant of the pendency of the proceeding in which the judgment was taken. It will be noted, however, that that case is not authority for the proposition that a judgment may be vacated or an execution quashed in equity or otherwise, on the ground of false return of the sheriff, where it appears that the defendant had actual notice of the pendency of the proceeding in which the judgment was obtained. In fact, such situation is expressly excluded by the very language of the opinion in that case.

The defendant had notice of the pendency of this action in the circuit court at the time the judgment was obtained.

388

Justification for this assertion lies in the fact of the special appearance and motion to quash made by counsel for the defendant. This appearance, of course, would not have been made but for knowledge of the fact that the suit was pending. A defendant may not with propriety permit an action against it, of the pendency whereof it has actual notice, to proceed to judgment and execution and then challenge the whole proceeding because it (the defendant) was not properly summoned.

Being of opinion that there was prejudicial error in the quashing of the execution, we reverse the action of the trial court and remand the case for further proceedings not at variance with this opinion.

*Reversed and remanded.*