LULU V. SWARTZWELDER, *et al.*

*v.*

FREEPORT COAL COMPANY

(No. 9998)

Submitted February 3, 1948.   Decided March 16, 1948.

Fox and LOVINS, JUDGES, dissenting.

*Robert T. Donley,* for appellant.

*F. E. Parrack* and *Charles V. Wehner,* for appellees.

RILEY, PRESIDENT:

Lulu A. Swartzwelder and others brought this suit in the Circuit Court of Preston County to enforce a vendor's lien.   The defendant, Freeport Coal Company, a corporation, through its president, challenged service of process by a plea in abatement.   A demurrer to the plea having been sustained, and defendant not desiring to defend fur-

ther, the Circuit Court of Preston County entered a decree, which, in addition to incorporating the ruling on the plea, ordered sale of the property, subject to the vendor's lien. From this decree, defendant appeals.

The suit was brought to May rules, 1947, at which the questioned return was made and a bill of complaint filed. At the succeeding rules defendant filed its plea in abatement, duly verified by its president, asserting that the sheriff did not execute the process by delivering a copy thereof to R. Hugh Jarvis, the alleged president of defendant corporation, and that the sheriff's return, stating he had done so, is false. Plaintiff in his demurrer to the plea in abatement, which is based on the theory that the sheriff's return is a verity and cannot be attacked by a plea in abatement, challenges the sufficiency of the plea on the following grounds: (1) It does not show that defendant has a good defense to the suit; (2) it does not affirmatively allege that defendant had no knowledge of the suit or opportunity to defend it; (3) it does not give plaintiff a better writ; and (4) the plea is not properly verified.

In support of the first two grounds, plaintiffs evidently rely upon *Nuttallburg Smokeless Fuel Co.* v. *First National Bank of Harrisville,* 89 W. Va. 438, 109 S. E. 766; *Lanham* v. *Home Auto Co.,* 115 W. Va. 415, 176 S. E. 604, and like cases, in which the first attack on the service of process and return was made after the rendition of a judgment by a court having jurisdiction of the subject matter of the litigation.

Of course, in the instant suit the defendant necessarily had knowledge of its pendency; otherwise it could not have filed the plea in abatement at rules before a decree *nisi* was entered therein. The instant plea in abatement was filed under Code, 56-4-30, which provides, in part, that in cases other than those involving misnomer "a defendant on whom process summoning him to answer in any suit or action appears to have been served shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless such

defect or such variance be pleaded in abatement." In
*Ruffner* v. *Cunard Steamship Co.,* 94 W. Va. 211, 118 S. E.
157, where the return of the officer stated, among other
things, that defendant, a foreign corporation was doing
business in Kanawha County, the defendant appeared
specially and moved for leave to amend the return by
striking out such statement, and, after having the return
amended, moved to quash it as amended. Upon writ of
error this Court held that the return being regular on its
face, the question of its sufficiency could not be raised
upon a motion to permit or require the officer to amend
his return, though supported by affidavit or other evi-
dence, and, in point 3, syllabus, this Court held: "Under
Section 15, Chapter 125, Code [56-4-30] such questions of
fact can be decided in the case only on issues raised by
plea in abatement filed in due time." In *Talbott* v. *South-
ern Oil Co.,* 60 W. Va. 423, point 1, syllabus, 55 S. E. 1009,
this Court, in affirming the circuit court's action in over-
ruling a motion to set aside a default judgment by way of
*dictum* said that except upon allegations of fraud or col-
lusion, a return of service of a summons commencing a
suit sufficient on its face "cannot be put in issue by either
a plea in abatement or a motion to set aside a judgment
by default." The statement as to the plea in abatement
is pure *dictum,* because that case involved a motion to va-
cate a judgment. However, counsel for plaintiff relies
strongly upon *Rader* v. *Adamson,* 37 W. Va. 582, 16 S. E.
808, in support of its position that "An official return duly
made upon process emanating from the court or its officer,
by a sworn officer, in relation to facts which it is his legal
duty to state in it", cannot be successfully attacked by
plea in abatement. In point 3; syllabus, in *Rader* v. *Adam-
son,* *supra,* this Court, applying the verity rule in its
broadest application held that such a return is "conclusive
of the facts therein stated." But that case was actually
decided, as counsel for defendant asserts in his brief, on
the basis that it was not error to strike out the plea on the
ground that it was not sworn to by defendant in person,
but by his attorney. This is in accord with the holding of
this Court in *Quarrier, Trustee* v. *Peabody Insurance Co.,*

10 W. Va. 507, point 1, syllabus: "The appearance by a corporation in a plea to the jurisdiction of the court, should not be in person or by attorney, but may be by its president." So this was the actual ground for reversal in the *Rader* case. Moreover, in support of the statement that the return was conclusive of the facts stated in it, the Court in the *Rader* case relied upon *Bowyer* v. *Knapp & Martin*, 15 W. Va. 277, which involved an attack on a sheriff's return upon a notice to take depositions. In the case of *Williamson* v. *Taylor*, 96 W. Va. 246, 122 S. E. 530, this Court reversed the judgment of the Circuit Court of Cabell County on its factual finding under a plea in abatement, timely filed, which raised the issue whether defendant's usual place of abode, as stated in the sheriff's return, was in Cabell County, and thereby this Court impliedly held that a plea in abatement was proper to raise such issue. In the later case of *Crouch* v. *Crouch*, 124 W. Va. 331, 20 S. E. 2d 169, it was held that a plea in abatement directed to a return that service was had upon a defendant by posting a copy of the process at his usual place of abode was insufficient because the plea did not state defendant's actual usual place of abode and thus did not give plaintiff a better writ. Under these two cases we think this Court, and properly so, has receded from the ancient verity rule, and that the attack on the officer's return may be made by plea in abatement, timely filed at rules. To that extent we disapprove the broad language of the Court in pt. 3, syl., of the *Rader* case.

Again we say that this case involves no intervening judgment as in the *Nuttallburg* case, and the attack on the return, having been timely made by plea in abatement, it is our opinion that under the *Williamson* and *Crouch* cases, where resort is had to a plea in abatement, it is unnecessary for defendant to show by such plea that he has a just defense to the suit or action, or that he was without notice of the pendency thereof.

The third ground of attack on the plea that it does not give plaintiff a better writ, and the fourth ground that the plea is not properly verified, are, in our opinion, with-

out substantial merit. We say this because the verification signed by R. Hugh Jarvis, the purported president of defendant, Freeport Coal Company, states that he is the president of such company, and if he is such, as his own affidavit asserts, the plea could not furnish plaintiff with a better writ.

For these reasons the action of the trial court in sustaining the demurrer to defendant's plea in abatement, and entering the decretal judgment against defendant, and decreeing that the property covered by the vendor's lien should be sold is erroneous, and should be reversed and set aside and the cause remanded for a decision of the issue of fact raised by the plea in abatement.

*Reversed and remanded.*

Fox, Judge, dissenting:

I would sustain the decree of the Circuit Court of Preston County, on the sole ground that the plea in abatement, filed by the defendant, failed to state that it had good defense to the suit in which the plea was filed. I do not consider it important, in this case, that the plea failed to negative notice of the suit, for the reason that the filing of the plea in itself, was positive evidence that the defendant had received actual notice thereof, and its president should not have been required to make oath to a plea, the filing of which would have convicted him of a false statement. The requirement that a plea, attacking the verity of the return of service of process, should negative notice becomes important only where there has been a default judgment or decree against one who seeks relief therefrom, and becomes important in such a case, because a decree or judgment of a court must be recognized as having some standing, and can not be set aside except for cause; and want of notice is one of the best of reasons for the setting aside of a judgment or decree, for, without notice, there is a lack of that due process of law guaranteed under our State and Federal Constitutions.

I do not think it can be questioned that prior to the decision of this Court in *Nuttallburg Smokeless Fuel Co. v.*

*First National Bank,* 89 W. Va. 438, 109 S. E. 766, the so-called verity rule as to the return of process made by public officers, authorized to serve the processes of courts, and required to make return thereof, prevailed in this State, as it prevailed in Virginia prior to the separation. As early as 1808, in the case of *Goodall* v. *Stuart,* 2d Hen. & M. 105, it was held: "In general, the return of the sheriff, of 'no effects', on an execution in favour of an assignee of a bond against the obligor, is sufficient to charge the assignor; so that, in an action against him, no proof that the obligor was not insolvent, can be admitted." Which, of course, is merely another way of saying that a return made by a sheriff on a court process or writ could not be contradicted. To the same effect is the case of *Smith & Rickard* v. *Triplett & Neale,* 4 Leigh 590. The first case in West Virginia on the question is *Lewis* v. *Botkin,* 4 W. Va. 533. This was a case where a return was found to be defective in form, but, in the body of the opinion, it was stated: "Upon a motion to quash the return of an officer of the service of a summons, the truth of what is stated in the return, cannot be questioned." In *Bowyer* v. *Knapp and Martin,* 15 W. Va. 277, Judge Johnson, in writing the opinion of the Court, said: "The law seems to be well settled, that an official return duly made upon process, emanating from the court or its officer, by a sworn officer in relation to facts which it is his legal duty to state in it, is, as between the parties and privies to the suit and others whose rights are necessarily dependent upon it, conclusive of the facts therein stated; but as to all other persons such return is *prima facie* evidence of such facts, and subject to be disproved whenever it is offered in evidence. But the privity spoken of must be such as would enable the party thus concluded to maintain an action against the officer for a false return to such process." The above quotation shows clearly that the Court intended to hold, that, as to official processes issuing from a court, the verity rule prevailed. In *Stewart* v. *Stewart,* 27 W. Va. 167, this Court held: "Where the sheriff has returned the process served on the defendants, and the court has ordered the bill taken for confessed as to them, and final decree has been entered

in the cause, one of such defendants will not be permitted to contradict the return of the sheriff to such summons and show, that the process was not served on him in this State but in another state." In *Rader* v. *Adamson,* 37 W. Va. 582, 16 S. E. 808 this Court held: "An official return duly made upon process emanating from the court or its officer, by a sworn officer, in relation to facts which it is his legal duty to state in it, is, as between the parties and privies to the suit, and others whose rights are necessarily dependent upon it, conclusive of the facts therein stated." This holding is in almost the exact language employed in the opinion in *Bowyer* v. *Knapp and Martin, supra.* The holding of this Court in that case is so clear and explicit that its force cannot be weakened by ingenious speculation as to the actual basis of the holding. Plain words speak for themselves. In *McClung* v. *McWhorter,* 47 W. Va. 150, 34 S. E. 740, this Court held: "An officer's return on judicial process cannot be contradicted by the parties or their privies as to such facts stated in it as the law requires to be stated, unless the party collude with the officer to make a false return. This rule prevails in law and equity. As to notices for depositions, or other notices not judicial process, the return is only *prima facie* evidence of such fact." In the opinion in this case, prepared by Judge Brannon, it was stated: "The bill relies on one ground only for relief; that is, that the return of the sheriff shows that he served the process on McClung by delivering it to Vonie Shauver, as a member of his family, and at his usual place of abode, whereas in fact she was not a member of his family, and the place of service was not at his usual place of abode. Thus, the proposition is to deny the facts stated in the sheriff's return. In many states this can be done, but in this State a sheriff's return on process emanating from the courts (judicial process) cannot be contradicted by parties or privies in its statement of such facts as the law requires him to state to make the return good. The party must, for reparation of his injury, look to an action against the sheriff on his bond for false return. This may seem hard, but public policy requires, for stability of judicial proceedings, that the return of the

sworn officer stand. It is a long-established rule with us, and based on sound principles and policy." In *Talbott* v. *Southern Oil Co.*, 60 W. Va. 423, 55 S. E. 1009, this Court held: "If a return of service of a summons commencing a suit is sufficient on its face, such facts stated therein, as it was the duty of the officer to set forth in it, cannot be put in issue by either a plea in abatement or a motion to set aside a judgment by default. For reasons of public policy, contradiction of such returns is not permitted in any form, except upon allegations of fraud or collusion."

Thus the law stood until 1921, when the case of *Nuttallburg Smokeless Fuel Co.* v. *First National Bank, supra,* was decided. In that case it was held that upon a proceeding to vacate a judgment, taken by default, in a case where there had been no notice of the pendency of the action in any manner or form, the return of the officer was only *prima facie* evidence of service, and might be overthrown where there was clear and convincing evidence that no legal service of the process had been made. That was a case where the First National Bank of Harrisville obtained a judgment against the Fuel Company and T. C. Beury, which, as alleged in the bill, was based upon a return of service made by the sheriff of Kanawha County on Thos. C. Beury, President of said Fuel Company, in Kanawha County, where the said Beury resided, whereas, the bill alleged, Beury was not at that time President of said corporation, and judgment was taken without any notice to the Fuel Company, of any character whatever. Judge Lively, who wrote the opinion in that case, discussed at length the origin and application of the verity rule, and it is clear, from the entire discussion of the case, that what the Court intended to do was to relax the verity rule only to the extent necessary to prevent injustice. Near the end of the opinion it is stated: "We have attempted in this opinion to draw a distinction in cases of judgment by default upon no notice either actual, presumptive or constructive; and where there has been notice and a technicality is relied upon, or where the defendant has appeared, and denies service, but has opportunity to

defend. In the latter instance we would deny the right to question the return." It is clear, therefore, that what the Court held in that case was that where a defendant, either in law or equity, had notice of the suit or action, and an opportunity to defend, he could not attack the verity of the return, where there had been a judgment or decree. So far as I know, up to this date, that ruling has never been questioned by anyone.

When we consider cases raising this question, coming before this Court since the decision in the *Nuttallburg* case, we reach the case of *Stepp* v. *The State Road Commission,* 108 W. Va. 346, 151 S. E. 180, in which, in the body of the opinion, we find this statement: "If there be process in the record on which the sheriff has made return showing service on a defendant, under the verity rule that return could not be questioned by extraneous evidence; hence it followed that the court's decree stating that process had been executed and returned was likewise a verity. But we have receded from the verity rule as to the sheriff's return, where it clearly and convincingly appears that the return is false. See *Nuttallburg Smokeless Fuel Co.* v. *First National Bank,* 89 W. Va. 438, in which the reasons therefor are set out at length. The same reasons impel a modification of the doctrine of verity in the court's decree as to service and return of process, as exemplified in *Central Dist. etc. Co.* v. *Ry. Co.,* 76 W. Va. 120, above referred to. It is not necessary to repeat or elaborate those reasons here. But we were careful to say in the *Nuttallburg* case that the evidence to overthrow an alleged false return should be clear, satisfactory and convincing; and that if the party attacking the return had actual, presumptive or constructive notice of the pendency of the suit against him he could obtain no relief against a default judgment." In *Nelson Transfer & Storage Co.* v. *Jarrett,* 110 W. Va. 97, 157 S. E. 46 it was held: "In considering an officer's return of service of a summons, distinction must be drawn between cases of judgment upon no notice, actual, presumptive or constructive, and cases where there has been actual notice but a techni-

cality is relied upon to defeat it, or where the defendant appeared, and denied service, but had opportunity to defend. In the former instances the return may be impeached; in the latter it may not." It should be noted that the syllabus point quoted is almost in the exact language of the holding of the Court in the *Nuttallburg* case, showing an intent to limit the relaxation of the verity rule as stated in that case. *Hatfield* v. *United States Coal and Coke Co.*, 111 W. Va. 289, 161 S. E. 572, was a case in which the return on a process was under attack, and the opinion contains this statement: "He relies upon the case of *Nuttallburg Smokeless Fuel Company* v. *First National Bank of Harrisville,* 89 W. Va. 438, as abrogating the verity rule and permitting a collateral attack on the service of process in any case. In the *Nuttallburg* case, the process was served upon T. C. Beury as president of the defendant corporation. He had formerly held such position, but was not an officer of the company at the time of service. The return, therefore, was not false in the recital of the fact that it had been served upon the individual named, but was untrue in the assumption that he was then an officer of the corporation. Even in states adhering to the verity rule, attack is sometimes permitted upon the recitals in a service insofar as they assume facts. 'While a sheriff's return of service may be conclusive on the parties so far as it concerns the sheriff's physical acts, and as his recitals respecting the person on whom the service was made and the date thereof, it is not conclusive as to his conclusion of the law that the person on whom service was made represented the defendant in such capacity as to authorize service on him.' *Higham* v. *Iowa Travelers' Association,* 183 Fed. 845." The attack on the return was unsuccessful, and the above quotation is included herein to show that, in some instances, a return is subject to an attack where the statement of the officer serving process is based on an assumption of a fact which does not exist. In the case of *Lanham* v. *Home Auto Company,* 115 W. Va. 415, 176 S. E. 604, decided in October 1934, it was held: "A sheriff's return of a writ or notice, showing proper service, is presumed to be true. Proof to overcome the presumption

must be clear and convincing, and will be entertained only where the person affected had no actual notice of the pendency of the proceeding in which the return was made, and has just defense thereto." In this case an attempt was made to enjoin the enforcement of an execution, based on a judgment in favor of the Auto Company against Lanham, upon an alleged false return of service of process. It is quite clear that it was intended by that opinion, which was unanimous, to uphold the verity rule, except as the same had been modified by the *Nuttallburg* case. This is the last case heretofore decided by this Court on the fundamental question of the Court's position on the verity rule.

In the case of *Williamson* v. *Taylor*, 96 W. Va. 246, 122 S. E. 530, a summons was served by leaving a copy of a process posted at the front door of what was supposed to be the defendant's usual place of abode in Cabell County. The defendant filed his plea in abatement, alleging that, at the date of the service of the summons, he had no usual place of abode in Cabell County, and gave a better writ. It should be noted that in this case there is no contradiction of the officer's return that the process was served as stated therein. The point of the plea was that there had been a false assumption of fact that the place where the process was posted was the usual place of abode, of the person named as defendant, and, apparently, on this ground the plea was entertained and sustained. To the same affect is the case of *Crouch* v. *Crouch*, 124 W. Va. 331, 20 S. E. (2d) 169. This case implicitly, if not directly, permits the filing of a plea in abatement, where the claim is that a process was not posted at the usual place of abode of the person on whom service was sought, but goes no further, except to decide the question of fact raised by the plea.

It is upon the two cases, *Williamson* v. *Taylor, supra,* and *Crouch* v. *Crouch, supra,* that the majority opinion bases the conclusion that this Court has heretofore abandoned the verity rule. On the contrary, in my opinion, every decision of this Court, on the principal question, sustains the

verity rule, except as the same is limited by the holding in the *Nuttallburg* case; and to state that the two cases mentioned above, which bear only upon the question of the assumption of the existence of a place of abode, and which do not, in any way, contradict the actual service, is to fly in the face of obvious facts, too clearly established to merit attempted contradiction. And then, what of the *Stepp, Nelson Transfer, Hatfield* and *Lanham* cases, all decided subsequent to the decision in the *Williamson* case. That, until the decision of the Court in the case at bar, this Court has consistently limited its repudiation of the verity rule to the very narrow limits laid down in the *Nuttallburg* case, should not be disputed, but if disputed cannot be established.

I do not question the right and power of the majority of this Court to abolish the so-called verity rule in its entirety. I do not think it should be abolished, but the majority of this Court has the right and power to declare the law in this State. But if it is to be abolished it should be done by a direct method, with the reasons therefor, and not by attempts to distinguish cases. Instead of attempts to distinguish, the cases in conflict with the present ruling should be overruled. In my opinion, the verity rule, based as it is on a sound public policy, and upon that respect which should be according to public officials, who take an oath to faithfully perform the duties of their offices, and are presumed to do so, should be upheld, except in cases where to enforce it in all strictness would entail a manifest injustice. I can very well understand how a court would be inclined to permit the strict application of the verity rule to be relaxed in a case such as the *Nuttallburg* case, where the person against whom a judgment had been recovered, had not received notice of the suit, and had a good defense thereto. All agree that the rule has been relaxed to that extent. I see no reason why it should be further relaxed to permit people, who have had notice of a suit or action, and have no defense thereto, to question the solemn act of a public officer, who, has made what is assumed by law to be a correct return of service

of a court process. What good purpose do we serve when we permit the filing of a plea impeaching the act of a public officer, when he who files the plea has had actual notice of the existence of the suit, or action, opportunity to defend, and has no defense thereto. We hear much of law's delays, and dilatory pleas are not favored. Shall we now make it possible for defendants, who have no defense to a suit or action, to delay judgment at will.

The verity rule having been so well established in this State, as I have, to a perhaps painful extent, endeavored to show, any relaxation thereof should, in the absence of Legislative action, be entirely within the control of the courts. We should, in my opinion, adhere to the rule, as modified by the *Nuttallburg* case, and, possibly, as modified by the *Williamson* v. *Taylor,* and *Crouch* v. *Crouch* cases. Certainly, in every case where a defendant appears in court, prior to judgment, and attacks the return of an officer, he has had notice of a suit or action, and, of course has opportunity to defend—why, then, should he be permitted to delay judgment or decree unless he is willing to state that he has a just defense; and, where judgment has already been entered, why should he not, on the basis of his prayer to have it set aside, be required to state, as a prerequisite to relief, that he has had no notice of the suit, no opportunity to defend, and that he has a just defense. No one can be injured by such a rule, and the danger of the use of pleas in abatement, as they may tend to delay judgment in judicial proceedings, will be obviated.

It must not be forgotten that a court can secure jurisdiction of the person of a defendant only by the service of process in a pending suit or action, and that service must conform to certain methods, which, with us, are prescribed by statute. When a suit or action has been instituted by the filing of a praecipe and the issuance of process, a general appearance therein takes the place of service of process. Even when there has been actual service in some form, a defendant has always been permitted to appear specially to attack the jurisdiction of the court, and under Code, 56-4-30, to question the validity of service

of process, or present other extraneous matters which, if established, might abate the suit or action. But these rights are in a different category from the situation where, for example, it is sought to impeach the verity of an officer's return on a court process. In the one instance the right to use the plea in permissible cases is involved; in the other, the question is whether the plea, though permissible in practice, may be used to set up a defense which a defendant, on grounds of public policy, and for other reasons, is not permitted to make. In other words, the right to make a special appearance, and to file a plea in abatement, does not carry with it the right to include in that plea matters of defense prohibited by other rules of law or pleading, and in such a case the plea is subject to demurrer and should be overruled.

I do not question the right of the defendant in this suit to file a plea in abatement, within the rules governing the filing of such a plea. Code, 56-4-30, seems to provide for such a plea. But that section is not new, since it appeared in the Code of 1868, Chapter 125, Section 15 which reads: "In other cases, a defendant on whom the process summoning him to answer appears to have been served, shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless the same be pleaded in abatement." But, to repeat, the mere existence of the right to file a plea in abatement, does not mean that that plea can reach matters against which no attack can be made, such as the verity of a return of process. This section was a part of the law of Virginia, included in the Codes of 1849 and 1860, and was in existence during all of the period when the verity rule was fixed and established both in this State and in Virginia. The provisions of the section cannot now be relied upon to justify an attack on the verity of the process return of an officer.

In this case, I would sustain the ruling of the Circuit Court of Preston County, on the sole ground that the defendant's plea in abatement failed to state that the defendant filing the same had a just defense to the suit in which it was filed.

Lovins, Judge, dissenting:

In the main I am in agreement with the dissenting opinion of Judge Fox, but I find no authority in the Reports of this State for the proposition that the truth of an officer's return of service of process may be challenged by plea in abatement, if the defendant alleges he has a just defense to the suit or action.

It is my view, subject to the exceptions hereinafter noted, that in the absence of fraud, collusion or deception on the part of plaintiff, the officer's return of process cannot be controverted by any plea, regardless of the allegations therein contained. The exceptions above referred to are as follows: (1) If the case comes within the narrow exception to the "verity rule" stated in the case of *Nuttallburg Smokeless Fuel Co.* v. *Bank,* 89 W. Va. 438, 109 S. E. 766, the return may be challenged; and (2) the facts assumed by the officer in his return of process may be controverted by a proper plea.

The general rules relative to the conclusiveness of an officer's return of service of process are in conflict. Some authorities hold that if the officer's return of service of process is regular on its face, and there is no evidence of fraud, collusion or deception, the return cannot be controverted by the defendant in the same action by plea or otherwise. Other authorities hold that the officer's return of service of process is not conclusive but is only *prima facie* evidence of proper service. See note 124 Am. St. Rep., page 756 *et seq.,* and 42 Am. Jur., Process, Sections 126 and 127.

In our neighboring state of Virginia, the rule that return of service of process by an officer is conclusive has long been accepted and enforced. See *Goodall* v. *Stuart,* 2 Hen. & M. 105; *Smith & Rickard* v. *Triplett & Neale,* 4 Leigh 590; *Preston* v. *Kindrick* (Va.), 27 S. E. 588; *Ramsburg* v. *Kline* (Va.), 31 S. E. 608; *Sutherland* v. *Peoples Bank* (Va.), 69 S. E. 341; *Caskie* v. *Durham* (Va.), 147 S. E. 218. Nor can the return be disputed by a plea in abatement. *Sutherland* v. *Peoples Bank, supra.*

In this jurisdiction, the first discussion of this principle that I have been able to find appears in *Hinton* v. *Ballard,* 3 W. Va. 582, wherein a defendant offered evidence to disprove the truth of an amended return in two particulars: (1) That the summons was not left at the defendant's usual place of abode, and (2) that it was not explained to the person to whom it was delivered. In the *Hinton* case, the question considered was whether it was proper for a defect in the return of service of summons to be raised by motion or by a plea in abatement. The Court held: "A defendant can only take advantage of a defective return on a summons by a plea in abatement." The holding just quoted would seem to indicate that any defect in a return of process may be taken advantage of by plea in abatement. The same Judge who wrote the opinion in the *Hinton* case later holds that on a motion to quash the return of an officer's service of a summons, the truth of the return could not be questioned. *Lewis* v. *Botkin,* 4 W. Va. 531.

We have a long line of cases commencing with the case of *Bowyer* v. *Knapp & Martin,* 15 W. Va. 277, 290, wherein the Court stated the rule, possibly by way of *dictum,* to the effect that the law was settled that a return made by an officer upon process emanating from the court or its officer by a sworn officer in relation to facts which it was the legal duty of the officer to state is conclusive as between the parties and privies to the suit. It is true that in the *Bowyer* case the Court had before it the question of return of a notice to take depositions, and it was held therein that the return of the officer on such notice was only *prima facie* evidence of the truth of the facts stated in the return. It is to be noted that in the *Bowyer* case the Court made the following statement: "But we do not mean to decide whether under our statute the return of a sheriff upon process may or may not be contradicted by plea in the suit at the proper time. Where the sheriff makes a false return of process, he is liable, of course, to the party injured, who may proceed against him for such false return."

The next case in which this question was considered is *Stewart* v. *Stewart,* 27 W. Va. 167, 178, wherein the Court held: "It has been repeatedly held that a defendant will not even in the same return or suit be permitted to contradict the return of the sheriff upon the summons issued in the cause." In the *Stewart* case the Court again adverts to the *Bowyer* case, stating that it was not meant to decide whether the return of the sheriff on the return of service of process could be contradicted by a plea in abatement. In *Rader* v. *Adamson,* 37 W. Va. 582, 16 S. E. 808, this Court restated the principle adverted to in the *Bowyer* case, and held that the plea in abatement was not available to defendant to contradict the return of service of process made by a sworn officer. *McClung* v. *McWhorter,* 47 W. Va. 150, 34 S. E. 740, is to the same effect, wherein Judge Brannon in discussing the "verity rule" said: "It is a long-established rule with us, and based on sound principles and policy. Its reason, drawn from the United States Supreme Court, is ably defended in *Preston* v. *Kindrick* * * * refusing relief in equity against a decree by default where relief was asked on the ground of false return." It was further stated that the doctrine of verity did not apply to a notice to take depositions.

The next case in which this Court considered the "verity rule" is *Talbott* v. *Southern Oil Co.,* 60 W. Va. 423, 426, 65 S. E. 1009, wherein Judge Poffenbarger, speaking for the Court said: "No plea or proceeding for the putting in issue such a matter could be more positive, direct and free from embarrassment, by the principles of waiver, than a plea in abatement. If the proof of the facts stated in the return cannot be inquired into upon such a plea, it is impossible to conceive, for any reason, why it would be allowable upon a mere motion." The Court further says in reference to the declarations of the Court in the *Bowyer* and *Stewart* cases that it was not meant to decide whether a return of service of process could be contradicted by a plea in abatement, and says in explanation of said declarations: "However, if we could say the ruling in *Rader* v. *Adamson,* appears to have been inadvertent, there is much authority to sustain it." In *Milling Co.* v. *Read,* 76 W. Va.

557, 568, 85 S. E. 726, a return made by a constable of service of process was held to be conclusive, and it was therein stated that the holding was the settled law of this State. The principle was again referred to and approved in *Lumber Co.* v. *Mays,* 81 W. Va. 46, 52, 94 S. E. 42.

The law so remained in this State until the opinion of this Court in the *Nuttallburg* case, wherein this Court defined and approved an exception to the rule as to conclusiveness of an officer's return on service of process in the following language: "Upon a proceeding to vacate a judgment taken by default in a case in which the defendant had no notice of the pendency of the action in any manner or form, the return of the officer endorsed upon the summons is only *prima facie* evidence of service and may be overthrown by proof of such lack of notice." Also the holding in the *Nuttalburg* case requires a defendant seeking to set aside a default judgment or decree, to allege and prove that he had a just defense.

Subsequent to the decision in the *Nuttallburg* case, this Court in applying the "verity rule", as modified by that decision, rigidly adhered to former decisions until the decision of the instant case. See the cases of *Stepp* v. *Road Commissioner,* 108 W. Va. 346, 151 S. E. 180; *Transfer & Storage Co.* v. *Jarrett,* 110 W. Va. 97, 157 S. E. 46; *Looney* v. *Hardwood Co.,* 113 W. Va. 385, 168 S. E. 138; *Lanham* v. *Auto Co.,* 115 W. Va. 415, 176 S. E. 604; *Anderson* v. *Anderson,* 121 W. Va. 103, 1 S. E. 2d 884; *Coal Corp.* v. *Silman,* 125 W. Va. 58, 22 S. E. 2d 873.

Another modification of the verity rule relating to an officer's return of service of process will be found in the holding of this Court in *Ruffner* v. *Steamship Co.,* 94 W. Va. 211, 118 S. E. 157. In that case the officer *assumed* that the defendant was doing business in the State of West Virginia, and it is strongly intimated in the opinion in that case, that a plea in abatement would be available to dispute such assumption. In *Williamson* v. *Taylor,* 96 W. Va. 246, 122 S. E. 530, relied on in the majority opinion, the question at issue and challenged by the plea in abate-

ment was the *assumed fact* defendant's usual place of abode was in Cabell County, West Virginia. Likewise in *Crouch* v. *Crouch,* 124 W. Va. 331, 20 S. E. 2d 169, the officer *assumed* that the defendant's place of abode was at a certain place.

This Court has drawn a distinction between the physical acts of an officer making a return of service which lie in his own knowledge and the facts assumed by him. *Hatfield* v. *Coal & Coke Co.,* 111 W. Va. 289, 292, 161 S. E. 572. See *Higham* v. *Iowa Travelers A;ssn.,* 183 F. 485. Again in *Lanham* v. *Auto Co., supra,* this Court emphasized the difference in the following language: "The next case to take note of the pronouncement in the *Nuttallburg* case was *Hatfield* v. *Coal & Coke Co.,* * * * wherein emphasis is laid on the fact that in the first named case [Nuttallburg] the return 'was not false in the recital of the fact that it had been served upon the individual named, but was untrue in the assumption that he was an officer of the corporation.' " The distinction so made in the *Hatfield* and *Lanham* cases is valid, but it is to be noted that in the instant case the return is to the effect that it was served on Hugh Jarvis, president of the defendant corporation, and the verified plea in abatement is signed by "R. Hugh Jarvis", and states that the said R. Hugh Jarvis is president of the defendant corporation. In this case we have an actual dispute of a physical act of the officer in serving process, evidenced by his return, which shows that he served the process upon the person who admittedly is the president of the defendant corporation. In other words, there is no assumed fact disputed by the plea in abatement herein.

Of course, there are exceptions to the general statement of the rule as exemplified in *Slingluff* v. *Gainer,* 49 W. Va. 7, 37 S. E. 771, wherein the process was served on a person who had the same initials as the person for whom the process was intended. Moreover, the service of original process by a credible person is not conclusive. *Peck* v. *Chambers,* 44 W. Va. 270, 28 S. E. 706; *Lynch* v. *West,* 63 W. Va. 571, 60 S. E. 606.

We are here confronted with the single question: May a fact stated in a return of service of process about which the officer has first hand knowledge be disputed by a plea in abatement.

With deference to the majority opinion, all cases I have examined in Virginia and in this State disclose that there is no authority for the decision herein that a plea in abatement may be used to dispute the return of service of process of an officer in the circumstances disclosed herein.

The opinion of the Court has rendered vulnerable the return of an officer on process emanating from a court in practically all cases. The only requirement is that the plea in abatement challenging the return be timely filed. The case of *Nuttallburg Smokeless Fuel Co.* v. *Bank, supra,* was the first inroad on the well established "verity rule." Under the opinion of the Court in the instant case the last vestige of the verity rule is virtually destroyed, and no longer obtains as a part of the jurisprudence of this State. The reasons for the verity rule are well supported by reason, authority and sound policy. It is true that Judge Lively in the *Nuttalburg* case criticized the rule. Nevertheless, the rule has long been accepted and acted upon in this State. Now the principle is set aside by this Court for light and transient reasons, and upon authority which in no wise is applicable. The facts in the cases of *Williamson* v. *Taylor, supra,* and *Crouch* v. *Crouch, supra,* are only faintly similar to the facts in the instant case. The established and undoubted law of a jurisdiction should not be changed on the basis of conjecture, guess-work, supposition, or impulse.

The rule announced in the Court's opinion herein not only impinges upon the "verity rule", as modified by the *Nuttallburg* case, but on the contrary strikes at the rule as modified, and virtually destroys it.

I do not think in the instant case any question of notice or whether defendant has a just defense, can be raised. The simple proposition of law is that defendant had no

right to controvert the return of service by the officer by a plea in abatement.

I would affirm the judgment of the Circuit Court of Preston County.