NANCY JO MARS, MARGARET ALEXANDER *and* JACOB ORVAL VEST

*v.*

EDWARD T. LUFF, *Judge, etc.* *and* JEAN W. GREEN, *Clerk, etc.*

(No. 13132)

Submitted January 12, 1972.    Decided February 22, 1972.

*M. E. Mowery, Jr.,* for relators.

*Edward T. Luff,* pro se and for respondents.

CAPLAN, JUDGE:

In this original proceeding in mandamus the petitioners, Nancy Jo Mars, Margaret Alexander and Jacob Orval Vest, seek a writ to compel the respondents, Edward T. Luff, Judge of the Circuit Court of Barbour County, and Jean W. Green, Clerk of the Circuit Court of said county, to permit the petitioners to file their civil actions for divorce without payment of filing fees or costs and that said actions, when filed, be assigned regular consecutive civil action numbers in the Circuit Court of Barbour County. A rule was granted by this Court returnable October 12, 1971 at which time it was continued upon the motion of the parties. On January 12, 1972 the case was

submitted for decision upon the petition; the answer of the respondents; the briefs of the parties; and upon the oral argument of counsel for the petitioners.

Each of the petitioners, seeking a divorce from the bonds of matrimony, filed a complaint in the office of the Clerk of the Circuit Court of Barbour County. Pursuant thereto, in lieu of payment of the fees and costs provided by Code, 1931, 59-1-11, as amended, they each filed in such office an affidavit as permitted in Code, 1931, 59-2-1, stating that they were pecuniarily unable to pay the necessary fees or costs. The affidavits of these petitioners are included as exhibits attached to the petition in this proceeding.

The civil action of petitioner Mars was filed by the clerk without payment of the filing fee but it was not assigned a consecutive file number in the civil docket book as prescribed by Rule 79(a), R.C.P. In the action of petitioner Margaret Alexander the filing fee has been waived but she has been required to make a deposit in the amount of such fee which ostensibly would be returned to her at a later date. In relation to petitioner Vest, the respondents have refused to file his complaint until he pays the filing fee.

While, as noted above, the individual civil actions received different treatment in the clerk's office, the principal allegations in the petition charge that the respondents failed to perform their nondiscretionary duties by refusing to accept the petitioners' affidavits and by further refusing to assign consecutive file numbers to civil actions which were filed without the payment of the fees. Contending that they have a clear legal right to the relief sought and that the respondents have a clear legal duty to so perform, the petitioners seek this writ of mandamus.

In their answer the respondents acknowledge that the petitioners filed affidavits alleging that they were pecuniarily unable to pay the customary fees and costs but that their sworn testimony before respondent Luff contradicts such affidavits. Further they say the provisions

of Code, 1931, 59-2-1 are discretionary as to whether the court will permit an action to be filed without the payment of costs and fees. They conclude in their answer that they will not waive the fees and costs on the mere allegation of inability to pay and that the petitioners are being misled by counsel.

It is the position of the petitioners that by virtue of the provisions of Code, 1931, 59-2-1 and consideration of constitutional rights and further by reason of Rule 79 (a), R.C.P., the petitioners have a right to file their civil actions without paying fees and costs and further have a right to have said civil actions assigned a consecutive number on the docket book in the clerk's office. The respondents contend that they can question the truthfulness of the affidavits and can refuse to file such civil action if they believe that the petitioners can afford to pay the customary fees and costs.

The only question to be resolved in this proceeding is whether or not the petitioners are entitled to have their civil actions filed and consecutive numbers assigned thereto upon the filing of affidavits alleging that they are pecuniarily unable to pay such fees or costs, as provided in Code, 1931, 59-2-1.

The question raised has been cogently answered by this Court in its recent decision in *Humphrey* v. *Mauzy*, 155 W.Va. 89, 181 S.E.2d 329. While in that case the court permitted the institution of an action for divorce on an affidavit alleging inability to pay the fees and costs, it refused to enter the final order until the complainant paid such fees and costs. Upon a petition for a writ of mandamus this Court, citing Code, 1931, 59-2-1, directed the respondent to enter a final order without payment of fees and costs. This code section provides that "* * * A poor person, within the meaning of this section, shall be one who shall make and file in the court, or with the officer whose services may be demanded or required, an affidavit stating that he is pecuniarily unable to pay fees or costs, or counsel fees, and upon the filing of such

affidavit in court or with any officer, then such officer *shall* perform any services required by law to be performed by him, as if the legal fees for such services had been paid." (Italics supplied) When such affidavit is filed the truth thereof is not then to be questioned but the action shall be instituted. The mandate is clear, there being no room for discretion. The aforesaid code section provides that if any person shall swear falsely in such affidavit he shall be guilty of false swearing and upon conviction thereof shall be punished as provided by law for such offense.

In the instant case the principal defense of the respondents is that the petitioners, despite their affidavit, could in fact afford to pay the fees and costs required by law. We are of the opinion that the pertinent statute, Code, 1931, 59-2-1, contemplates the filing of a complaint upon the submission of an affidavit and that if the complainant swears falsely in such affidavit he subsequently can be prosecuted for the offense of false swearing.

In *Boddie* v. *State of Connecticut,* 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 it was held that the due process clause of the federal Constitution prohibits a state from denying, solely because of inability to pay, access to its courts to indivdiuals who seek judicial dissolution of their marriages. The court reasoned that marriages were created by state laws and dissolutions thereof were provided only through access to the judicial process provided by the state. It would, therefore, be a denial of due process to deny to an indigent person the use of the judicial machinery provided by the state.

We are cognizant of the decisions cited by the respondents which hold that courts have discretionary power to impose payment of costs in judicial proceedings. However, the provisions of Code, 1931, 59-2-1 reflect the decisions of the courts in affording due process to indigents who desire to have their rights adjudicated by the judicial machinery provided by law.

We can perceive no cogent reason why a trial court should be reluctant to carry out the mandatory provisions of Code, 1931, 59-2-1, the only effect thereof being to permit a poor person to avail himself of the judicial process afforded to all. As noted in the *Boddie* case, one should not be deprived of the right to use the state's judicial machinery in seeking dissolution of his marriage merely because of inability to pay. This was also reflected in *Humphrey* v. *Mauzy, supra.* The statute defines a poor person. It does not give a court the right to question one's inability to pay. If, as asserted by the respondents, the petitioners can, in fact, afford to pay the costs, the court should proceed against them and they should be prosecuted for false swearing.

The matter of the assignment of consecutive numbers to the petitioners' civil actions may not seem of great moment. However, the actions of these petitioners must receive the same treatment as those filed by persons able to pay the required fees and costs. This includes the designation of their civil actions. It is specifically provided in Rule 79 (a), R.C.P., in relation to entries in the civil docket book, that "* * * Actions shall be assigned consecutive file numbers." This rule has the force of law and by reason thereof any person who institutes a civil action has the right to have such action assigned a consecutive file number. Such action should not have a designation which sets it apart from any other civil action. To permit the instant actions to be otherwise designated would amount to discrimination against cases handled by legal aid attorneys.

In view of the foregoing we are of the opinion to and do award the writ as prayed for in the petition.

*Writ awarded.*