PAMELA R. YOUNG

*v.*

GARY L. YOUNG

(No. 13512)

Decided March 4, 1975.

*Gary L. Young*, pro se.

*Robert E. Holroyd* for appellee.

HADEN, CHIEF JUSTICE:

This is an appeal by Gary Lee Young from the final order of the Circuit Court of Mercer County, West Virginia, awarding his wife, Pamela R. Young, a divorce, custody and control of the infant child born of the marriage, and adjudicating certain property rights of the parties.

The appellant proceeds in this Court, *pro se* and in *forma pauperis*. He assigns three alleged errors: (1) that

the trial court erred in refusing to permit the appellant to proceed in *forma pauperis* in the divorce action; (2) after being informed that appellant was a pauper, the trial court erred in requiring that Mr. Young provide a bond to secure the costs of such proceeding before that court would permit appellant to contest the divorce action; and (3) that the trial court erred in reciting in the final order that defense counsel withdrew the answer and counterclaim contesting the divorce when the record demonstrated that the defendant was not then represented by counsel.

The record unequivocally demonstrates that Gary Young was assisted by counsel during the preliminary stages of this litigation. His wife instituted the civil action by complaint charging him with mental cruelty. Through his counsel's aid, Mr. Young filed a timely answer and counterclaim denying the charge of mental cruelty, offering to reconcile, and seeking sole or joint custody of the couple's infant daughter. The trial court entered a "temporary" order resolving preliminary matters at a hearing of December 28, 1973 where both parties appeared in person and, also, by counsel.

Sometime later when the case had apparently matured for final hearing, problems developed which ultimately resulted in the granting of this appeal. On February 28, 1974, the trial court awarded Pamela R. Young a final divorce and other relief after conducting an uncontested hearing of the cause. The final order entered pursuant to that proceeding is in apparent or actual conflict with the transcript of the proceeding. The point in conflict is whether the appellant waived, by his own actions or by counsel appearing for him, his right to contest the divorce action concluded on that date. To resolve the conflict we must determine whether Mr. Young "appeared" in person and waived his right to contest or "appeared" by his counsel and waived contest, or did neither.

In this respect the transcript refers to an earlier continuance of the final hearing. In the judge's words, and

through colloquy with plaintiff and her counsel, that part of the record reveals:

> "*On February 21, 1974*, this matter came on for hearing and the *defendant appeared by counsel, Mr. Edwin Wiley, voicing objection to the hearing on this matter on an uncontested basis.* The Court delayed the hearing of this case for one week, this being February 28, to give the defendant an opportunity to furnish the Court with ample security in the amount of Five Hundred Dollars ($500.00) for a contested divorce hearing on this date. *The Court has heard nothing from the defendant or his attorney,* nor has this matter been referred to a Commissioner for hearing. So I will ask Mr. Holroyd, the Attorney for the plaintiff, Pamela R. Young, if he has heard anything from the defendant or his Attorney concerning the Five Hundred Dollars ($500.00) cash deposit?

> "REH (Mr. Holroyd): No, Your Honor, I have not, nor have either the counsel of Mr. Jim Ballard, also of counsel. *I have heard nothing from either of them with regard to further objection to proceeding with the case.*

> "JUDGE: The defendant appeared outside the door and asked the Court to ascertain from Mrs. Young if she is desirous of going forward with hearing this as an uncontested matter.

> "JUDGE TO MRS. YOUNG: Are you ready to go forward on an uncontested matter, Mrs. Young?

> "PRY (Pamela Young): Yes.

> "JUDGE: Let the Court proceed on this divorce as an uncontested matter." (Emphasis supplied).

The court then conducted and concluded the hearing, as reflected in a final order entered on the same date. That order, however, contradicts the previously quoted transcript by reciting, *inter alia*:

> "This action came on this day to be heard upon the Complaint duly filed and served upon the

defendant in person; upon the action having properly matured and having been placed upon the dockets for trial, *there being present* the undersigned Judge, the plaintiff, Pamela R. Young, Robert E. Holroyd, her attorney, the witness on behalf of the plaintiff, *and also came the defendant by counsel. Whereupon, counsel for the defendant announced to the Court his desire to withdraw his Answer and Counter-Claim in this action.* It is accordingly ORDERED that the Answer and Counter-Claim of the defendant be, and the same are hereby, withdrawn and held for naught. Whereupon, the Court proceeded to hear evidence in behalf of the plaintiff in support of her Complaint. At the conclusion of all the evidence, the Court makes the following findings of fact: *(et cetera)* . . . ." (Emphasis supplied).

Four days after the final order was entered, an affidavit, acknowledged February 27, 1974, was filed or lodged in the circuit clerk's office in the instant civil action file. That document was a pauper's affidavit executed by Gary Young in which he stated his inability to pay the costs of the action or to give security therefor in the sum of $500.00. Accordingly, he requested that he be permitted to defend the action in *forma pauperis*; that counsel be provided him without cost or obligation; that the proceeding be delayed until June 1974 for final disposition; and for such other relief as the court would deem proper.

From the date of filing, March 4, 1974, that affidavit was a sufficient notice to the court system of the State, including this Court, that the appellant is entitled, as a pauper, to access to the courts to contest the processes of law invoked against him in equal measure as is provided those who are able to pay for the use of our system of justice and the services of its officers. Article III, Sections 10 and 17 of the West Virginia Constitution secure and guarantee that right to an indigent or pauper who desires to prosecute or defend rights protected by law. And, of course, the same rights are guaranteed a state litigant by the Fourteenth Amendment to the

United States Constitution. *Boddie v. Connecticut*, 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971). In addition, West Virginia Code, Chapter 59, Article 2, Section 1, provides a statutory elaboration of the constitutional right which has been available to litigants in the Virginias since 1849. Once a poor person brings his status to the attention of the courts, the protections of the statute and the Constitution should be promptly provided. *Mars v. Luff*, W. Va., 186 S.E.2d 768, 52 A.L.R.3d 839 (1972); *Humphrey v. Mauzy*, W. Va., 181 S.E.2d 329 (1971). For the foregoing reasons this Court, our Clerk, and the Clerk of the Circuit Court of Mercer County have provided Gary Young both access and means to prosecute this appeal.

Nevertheless, the appellant's now-acknowledged status as a pauper does not vitiate the proceedings had against him in the divorce action in Mercer County. Although he alleges here that he tendered his pauper's affidavit to the trial court during his abortive "appearance" on February 28, 1974 at the final hearing, the record does not substantiate his claim in that regard. The record only indicates his appearance outside the door of the court's chambers and, according to the trial judge, his inquiry as to whether his wife wished to proceed with the hearing of the case on an uncontested basis. Other than taking note of appellant's unsubstantiated assertions in brief and oral argument, this Court finds no basis from which it may conclude that the trial court was advised of Mr. Young's indigency or of his current intent to contest the action *pro se* or through appointed counsel. This Court cannot consider nonjurisdictional errors not raised and decided by the trial court. *Western Auto Supply Company v. Dillard*, 153 W. Va. 678, 172 S.E.2d 388 (1970); *Work, et al. v. Rogerson*, 149 W. Va. 493, 142 S.E.2d 188 (1965); *Pettry v. Chesapeake and Ohio Railway Company*, 148 W. Va. 443, 135 S.E.2d 729 (1964). Accordingly, we do not reach the questions presented in the first two assignments of error.

The appellant's third assignment, however, leaves this Court in doubt as to whether Gary Young was accorded

due process and justice in the trial court. We are unable to determine from the total record whether Gary Young, or counsel authorized by him, withdrew his answer and counterclaim and allowed the divorce proceeding to be heard without contest, or whether the court implied a waiver of the right to go forward from appellant's conduct, silence and inaction prior to the final hearing. The final order recites that Young's counsel took affirmative action and requested withdrawal of his client's pleadings. On the other hand, the transcript reflects that counsel was absent and unaccounted for, while the client's presence was noted by the court.

In this jurisdiction recitals in final orders are not verities and appellate courts may inquire further. *Taylor v. Taylor,* 128 W. Va. 198, 36 S.E.2d 601 (1945); *Lanham v. Home Auto Co.,* 115 W. Va. 415, 176 S.E. 604 (1934); *Stepp v. State Road Commission,* 108 W. Va. 346, 151 S.E. 180 (1929); *Nuttallburg Smokeless Fuel Co. v. First National Bank, Etc.,* 89 W. Va. 438, 109 S.E. 766 (1921). A recital in a judgment alluding to a happening at trial, like a finding of fact, must derive its efficacy from the record. Although presumptively correct, if a recital is shown to be without support in the record, it should be disregarded and the judgment modified and corrected accordingly. *Fry v. Ashley,* 228 Or. 61, 363 P.2d 555 (1961). In the normal course of litigation, juridical policy strongly suggests that trial courts should be accorded initial opportunity to correct errors of both judicial and clerical nature. Within the time limitations prescribed, Rules 50, 52, 59, and 60, W. Va. R.C.P. provide a vehicle for the correction of such errors before resort to appeal is necessary. On the other hand, direct appeal on the final judgment within eight months of its entry will bring these same errors, if otherwise preserved, to this Court for resolution. *W. Va. Code* 1931, 58-5-1; *see, Mooney v. Barton,* W. Va., 184 S.E.2d 322 (1971); *Sothen v. Continental Assurance Company,* 147 W. Va. 458, 128 S.E.2d 458 (1962). Mr. Young has opted for this latter approach.

On this appeal, the Court cannot blithely or formalistically ignore appellant's contention that he had no coun-

sel when the final hearing was held. His pauper's affidavit, acknowledged the day before the final hearing, so implied from the request that counsel be provided. The possibility, or even probability, that Mr. Young may not have had adequately communicated the "fact" to the trial court that his counsel may have abandoned the cause or had been discharged by Mr. Young, in no way diminishes his right to be heard. *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937):

> "Section 10, Article 3 of the Constitution of West Virginia, properly applied, secures to a litigant a reasonable opportunity to be heard when the processes of the courts are invoked against him; . . ." Part *syllabus* point 1., *id*.

> "The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard." *syllabus* point 2., *id*.

Additionally, we observe that the law of West Virginia clearly places the control of termination of the attorney-client relationship in the hands of the client. "An attorney cannot, alone and of himself, terminate the relation to the injury of his client; although the client may end it at any time, without notice, and without showing any cause therefor." *Boyle v. Beltzhoover*, 119 W. Va. 626, 641, 196 S.E. 503, 510 (1938). With a recognition of that rule, neither this Court nor the trial court is authorized to conclude that appellant had counsel with authority to waive his rights on the day of the hearing.

The Court is "betwixt and between" in the case. Because appellant has made known his pauper status through designation of the appellate record, we are bound by statute and Constitution to assure his access to the courts. And, but for the questionable circumstances which may not have articulated similar notice to the trial court, it would have been incumbent upon that forum, also, to protect Gary Young as a pauper litigant. On the facts of this appeal, we conclude that the trial

court could not *imply* waiver of the right to go forward merely from appellant's conduct. Nevertheless, the judge of that court was not inhibited, even by defendant's poor person status, from concluding that Young made a knowing and understanding choice not to contest the divorce proceeding, if those were the facts. Such may or may not be the facts, but it is not our function to conclude either for or against appellant where there is a hiatus in the record. The obvious conflict between the language of the final order and the occurrence documented in the transcript compel us to remit the case for factual development of, and ruling upon, this point.

Where the record is unclear on a critical matter asserted as error in this Court and factual development would aid in reaching the correct legal determination, this procedure is warranted.

> "When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development." Point 2., *syllabus, South Side Lumber Co. v. Stone Construction Co.*, 151 W. Va. 439, 152 S.E.2d 721 (1967); *syllabus, Painter Motors, Inc. v. Higgins*, W. Va., 185 S.E.2d 502 (1971).

The Constitution does not require this Court to find error on appeal nor are we limited to reversal or affirmance of the judgment appealed. *See*, W. Va. *Const.* art. VIII, § 4, as amended.

On remand, if the trial court determines that Gary Young did not waive his right to contest the divorce action on February 28, 1974, that judgment should be vacated and the cause tried anew with an awareness of Article III, Section 17 of the West Virginia Constitution and *Code* 1931, 59-2-1. On the other hand, if that court determines that the conflict between the final order of February 28, 1974 and the transcript of the proceedings of that date is merely a clerical error, procedures indicated in *Rule* 60, W. Va. R.C.P. and *Code* 1931, 58-2-5 should be followed and the judgment modified and

corrected, accordingly.

With these directions, the judgment appealed is set aside, the record is remitted and the case is remanded to the Circuit Court of Mercer County for further disposition.

> *Judgment set aside;*
> *record remitted; and*
> *case remanded, with*
> *directions.*

SPROUSE, JUSTICE, *dissenting:*

I respectfully dissent from the decision expressed in the majority opinion. The decree is set aside for the sole reason that the majority perceives a conflict in the record as to whether the defendant waived his rights to continue in the defense of his divorce action. The trial court's order reflects that defendant, by counsel, withdrew his answer and counterclaim. The colloquy quoted in the majority opinion shows nothing to the contrary. The defendant appeared at the door of the hearing chamber and simply inquired if his wife intended to proceed with the uncontested case. The defendant offered no objection and there is absolutely nothing in the record to indicate he wished to be represented or represent himself at the hearing.

This Court on appeal cannot consider anything that is not in the record, and there is nothing in the record that would warrant setting aside the final decree entered by the trial court. The appellant had been represented by two attorneys before the final hearing. He did not file the pauper's affidavit until four days after the final hearing.

The majority opinion acknowledges the presumptive correctness of the final order, and then, in my opinion, ignores the presumption. There is nothing in the colloquy between the court, plaintiff, and plaintiff's counsel to indicate that the defendant's attorney had not

been before the court immediately prior to that colloquy. If there is any presumption of correctness to be given the final order, certainly in view of the explicit recitation in the order that defense counsel appeared, it could be presumed that he appeared before the court prior to the hearing. It is not inconsistent to assume that, notwithstanding the withdrawal of the defendant from contesting the divorce, he made one last personal attempt to have his wife drop the proceeding by appearing at the door in person as is reflected in the record.

The majority opinion indicates that the trial court can vacate the judgment if it makes certain findings, but it would seem to me that this direction might be confusing to that court particularly since the judgment has been set aside by this Court. Presumably, the trial court is being instructed to make a finding as to whether the defendant waived his rights to appear, and if no such waiver is apparent, then to grant a new trial.

I am authorized to state that Justice Thornton G. Berry, Jr., joins me in this dissenting opinion.