341 S.E.2d 847

**Theda HARFORD**

v.

**Donald HARFORD.**

No. 16670.

Supreme Court of Appeals of West Virginia.

March 19, 1986.

Theda Harford, Cherry Grove, for appellant.

No counsel of record for appellee.

PER CURIAM:

The appellant, Theda Harford, appeals *pro se* from a final order of the Circuit Court of Pendleton County entered September 12, 1984, awarding her former husband, Donald Harford, a divorce on the grounds that the parties had lived separate and apart for one year as required by *W.Va.Code,* 48–2–4(a)(7) [1981]. The order also stated that Mr. Harford was entitled to the relief prayed for in his counterclaim

and provided that neither party owed a duty of support to the other. It is these latter two findings in the order about which the appellant complains. For the reasons set forth below, we reverse.

Mr. and Mrs. Harford were married on April 19, 1947. On February 29, 1984, Mrs. Harford filed a complaint in the Circuit Court of Pendleton County seeking a divorce from the appellee who had left the state and was no longer a resident of West Virginia. On April 13, 1984, the appellee answered the divorce complaint and counterclaimed seeking a divorce and adjudication of certain property rights.

The record indicates that the appellant was represented by counsel at the beginning stages of the divorce proceedings. However, on April 18, 1984, her attorney was given permission by the court to withdraw from the case and the appellant thereafter, and apparently at her own request, began to represent herself. A short time later the appellant was advised that she could not get a personal judgment against her husband for lack of personal service; she therefore notified the circuit court that she wished to withdraw her divorce suit in Pendleton County and sue in Texas where her husband had since become a resident.[1]

The record indicates that the appellee refused to agree to dismissal of the divorce action and following a hearing on the same, on May 9, 1984, the circuit court entered an order denying the motion. The case then proceeded on the appellee's counterclaim. A final divorce hearing was held on September 7, 1984. The appellee appeared with counsel and Mrs. Harford appeared in her own behalf. As to the matters to be covered at the hearing, the following colloquy between the court and the appellant took place at the beginning of the hearing:

BY THE COURT: Alright, then Mrs. Harford, you have heard what counsel has had to say. You have been represented by attorneys from time to time. You're not represented by counsel now in this matter. They are asking that the matter proceed on the divorce question which is the one that you originally filed a suit for anyway. They are not asking that there be any division of property or any other matters. Now, do you want to proceed today, let the matter proceed today and determine whether or not a divorce should be granted?

MRS. HARFORD: Yes, sir.

Mr. Harford and his corroborating witness, Ray Barkley, then gave testimony which tended to establish that the parties had lived separate and apart for one year. At the end of the testimony the circuit court stated:

' BY THE COURT: Mr. and Mrs. Harford, you're both present now, and the Court would inform you that in the opinion of the Court you have proven the grounds for divorce so that you would be entitled to have a divorce order entered this time. The grounds supported by the evidence would be that of one-year living separate and apart for a period of one year without having cohabitated together during that period of time. Unless there is something further to come to the attention of the Court, the Court will now grant the divorce, based upon that grounds, one year separation and would order that Mr. Harford pay the costs of the action and would make no other or further order in the case. That being understood by the parties, then Mr. Sponaugle, you would prepare the order, submit it for entry and see that a copy is forwarded to Mrs. Harford.

An order was prepared by appellee's counsel and signed and entered by the court on September 12, 1984. That order not only granted a divorce but ordered that "the defendant is entitled to the relief prayed for in his counterclaim" and that "[p]laintiff owes no duty of support to defendant and defendant owes no duty of support to plaintiff." The granting of a divorce was not the only relief prayed for in the appellee's counterclaim. He sought to recover all of his personal property, eq-

1. In her original divorce complaint, the appellant sought alimony and support, half of her husband's retirement benefits and other benefits associated with the appellee's military experience.

uitable title to one-half of the real estate titled in the appellant's name and one-half of the profits therefrom, one-half of all rents from real estate titled in the appellant's name, and one-half of the investments in the appellant's name;[2] he also prayed that the real estate titled in the appellant's name be sold to pay the indebtedness incurred by both parties and the balance of the proceeds divided equally.

We wholeheartedly agree with the appellant's contention that the court's order was erroneous. Alimony and the division of property are issues that were not before the court.[3] No evidence was taken on either issue and the entry of the order denying alimony and awarding property to the appellee was clearly an error. The transcript of the final divorce hearing indicates that the only issue before the court was whether the evidence supported the granting of a divorce.

In syllabus point 3 of *Young v. Young,* 158 W.Va. 521, 212 S.E.2d 310 (1975), we stated:

> In this jurisdiction, a recital in a final order is not a verity and, like a finding of fact, must derive its efficacy from the record. Although presumptively correct, if a recital is shown to be without support in the record, it should be disregarded and the judgment modified and corrected accordingly.

The property rights awarded in the final order were not adjudicated at the divorce hearing and are totally without support in the record. Therefore the final order should be modified to provide only that a final divorce be granted to the parties and

the costs of the proceeding be borne by the appellee.[4]

Accordingly, the judgment of the circuit court is set aside and the case is remanded for entry of a judgment consistent with this opinion.

Reversed and remanded.

---

**2.** The real estate in question is a farm which appellant asserts was owned by her prior to the marriage. The farm was listed as collateral on a deed of trust for a gas station and restaurant business run by the appellee. Mrs. Harford has filed bankruptcy due to the failure of the business and the farm is listed in that bankruptcy proceeding.

**3.** At the end of the divorce hearing the court made this fact clear:

"BY THE COURT: Now, Mrs. Harford, in the order now entered, the case would be terminated and removed from the docket of this court—the divorce case would be. Now, this does not interfere with any of the matters

that are in bankruptcy. It does not interfere with your division of properties that you may jointly own. The court cannot touch that ... With reference to alimony, neither one of you would be awarded alimony from the other. That would be a permanent matter."

**4.** The September 12, 1984 order provided that the cost of the divorce proceeding be paid by the appellee. The court's final order also found that all of the children born of the parties' marriage were emancipated. The appellant raises no question as to this finding and the court's new order should contain the same finding.