707 S.E.2d 33

STATE of West Virginia ex rel. Keith William DEBLASIO, Plaintiff Below, Petitioner

v.

Kimberly J. JACKSON, Circuit Clerk of the Morgan County Circuit Court and Honorable John C. Yoder, Judge of the Circuit Court of Morgan County, Respondents.

No. 35701.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 2011.

Decided Jan. 27, 2011.

**208**

Keith W. Deblasio, Great Cacapon, WV, Pro Se.

Debra McLaughlin, Esq., Morgan County Prosecuting Attorney, Berkeley Springs, WV, for Respondent, Kimberly Jackson.

Hon. John C. Yoder, Judge, Martinsburg, WV, Pro Se.

KETCHUM, Justice:

The Petitioner, Keith William Deblasio, *pro se*, invokes this Court's original jurisdiction seeking a writ of mandamus. The Petitioner argues that the Respondent Clerk of the Circuit Court of Morgan County ("Clerk") failed to perform a non-discretionary administrative act when she failed to make the initial determination of the Petitioner's eligibility to proceed in *forma pauperis* and that the Respondent circuit judge (circuit court) subsequently erred by denying the Petitioner's application to proceed in *forma pauperis*.

Having fully considered the record, briefs, and arguments of the parties, we find that the Clerk failed to perform a non-discretionary duty by failing to make an initial determination of whether the Petitioner's financial affidavit met the *Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases*. We also find that the circuit court committed error in its review of the Petitioner's application and financial affidavit seeking leave to proceed in *forma pauperis*. For the reasons set forth herein, we grant a Writ of Mandamus as moulded.

## I.

### Facts and Background

On July 28, 2010, the Petitioner appeared at the office of the Clerk for purposes of filing a civil action naming several defendants. The Petitioner was informed of the filing fees required, at which time he requested to proceed in *forma pauperis*. The Petitioner was provided, and he completed, a "Financial Affidavit and Application: Eligibility for Waiver of Fees, Costs, or Security in a Civil or Domestic Case." The Petitioner's application and financial affidavit was notarized by a Deputy Clerk of the Circuit Court

of Morgan County. The Deputy Clerk did not determine if the financial affidavit met the eligibility guidelines for proceeding in *forma pauperis*. Instead, the Petitioner was informed by the Deputy Clerk that the application and affidavit, together with the civil complaint that the defendant wanted to file, would be forwarded to the circuit judge for review, and that the circuit judge would either approve or deny the application to proceed in *forma pauperis*.

On August 7, 2010, the circuit court denied the Petitioner's application to proceed in *forma pauperis*. No reason for the denial was given. On August 23, 2010, the Petitioner submitted a second application and financial affidavit seeking to proceed in *forma pauperis;* however, the record does not indicate that the Clerk has taken any action on this application.

On September 9, 2010, the Petitioner filed with this Court a *pro se* "Petition for Extraordinary Relief in the Nature of a Writ of Prohibition and Mandamus." In the Petition, the Petitioner argues that he is an indigent person meeting the *Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases,* and that he is entitled, pursuant to statute and Court rules, to have the Clerk file his civil action without prepayment of any fees, costs, or security.

The Clerk argues that she "requires either a waiver from the Court based on the financial affidavit or paid filing fees" before the Petitioner's civil action can be filed. The circuit court filed a response stating that while it "does not dispute that the petitioner seems to meet the financial guidelines based on [the Petitioner's] affidavit," it nonetheless denied the Petitioner's application because the civil action sought to be filed by the Petitioner was frivolous and vexatious.

## II.

### Standard of Review

We have previously held that "[p]etitioners in mandamus must have a clear legal right to

the relief sought therein and such right cannot be established in the proceeding itself." Syllabus Point 1, *State ex rel. Kucera v. The City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969). We have also held that "[a] writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 2, *State ex rel. Kucera v. The City of Wheeling, Id.*

## III.

### Discussion

In West Virginia, state courts are required by *W.Va.Code,* 59–2–1 [1999], to permit qualified indigent people to initiate civil actions without the prepayment of fees, costs, or security. This process is referred to as proceeding in *forma pauperis.* This Court has implemented *W.Va.Code,* 59–2–1, with the adoption of Rule 77(e) of the *West Virginia Rules of Civil Procedure,* Rule 22 of the *Rules of Civil Procedure for the Magistrate Courts of West Virginia,* and the *Financial Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases (Guidelines),* the latter approved by this Court April 29, 2003, with an effective date of May 1, 2003.

 The initial step for proceeding in *forma pauperis* is for a litigant to complete, under oath and penalty of false swearing, an application and financial affidavit listing the litigant's assets and liabilities.[1] Once completed, the clerk of the court—*not a circuit judge*—is required to review the affidavit and "[i]f it appears from the affidavit that the person meets the financial guidelines, the clerk shall perform the service requested in conjunction with the affidavit." Rule 77(e)(2) [1998], in part, of the *West Virginia Rules of Civil Procedure. Cf.,* Rule 22(b) [1993] of the *Rules of Civil Procedure for the Magistrate*

---

1. The Application and Financial Affidavit to proceed in *forma pauperis* in the case before us is a single document, Form SCA–C & M201.03, which has been approved for use in West Virginia courts. A copy is available in every court clerk's office throughout West Virginia and our website at http://www.state.wv.us/wvsca/rules/FeeWaiver/Affidavit.pdf.

*Courts of West Virginia;* and Section A, *Financial Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases.* The sole inquiry to be determined by the clerk is whether the financial information listed in the financial affidavit meets the *Guidelines* for an applicant to proceed in *forma pauperis.* Neither the veracity of the disclosures made in the affidavit, nor the merits of the underlying civil action, are to be considered by the clerk.[2]

When a party files an affidavit in accordance with and by reason of [*W.Va.Code*], 59–2–1, stating that he is pecuniarily unable to pay fees and costs, or counsel fees, the truth of the affidavit is not then to be questioned and the officer whose services may be demanded or required shall perform such services as are required by law, as if such fees for such services had been paid.

Syllabus Point 2, *Mars v. Luff,* 155 W.Va. 651, 186 S.E.2d 768 (1972).[3]

■ To provide guidance for court clerks as to their duties when reviewing an application and financial affidavit to file a civil action without prepayment of fees, costs, or security, we hold that in making the initial determination of eligibility for waiver of fees, costs or security pursuant to the *Financial Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases,* the clerk of the court is required to treat the financial disclosures in the affidavit, which were made by the applicant under oath and penalty of false swearing, as true. If the clerk determines that the disclosures in the applicant's financial affidavit meet the *Guidelines* for waiver of fees, costs, or security,

then the clerk shall immediately file the civil action. If the clerk determines that the disclosures in the applicant's financial affidavit do not meet the *Guidelines* for waiver of fees, costs or security, or if the clerk determines that the financial affidavit provides insufficient information for the clerk to make such a determination, then the clerk shall deny the application to proceed in *forma pauperis.* When a clerk denies an application to proceed in *forma pauperis,* the clerk shall inform the applicant of the right to request that the clerk forward a copy of the application and financial affidavit to a judge for review of the clerk's denial.[4]

In the case before us, the Clerk forwarded the Petitioner's application, affidavit and civil complaint to the circuit court without making an initial determination, based on the Petitioner's financial affidavit, of the Petitioner's eligibility to proceed in *forma pauperis.* It is clear to this Court that our statutes, rules and precedent, as discussed *supra,* give the Petitioner "a clear legal right," Syllabus Point 1, *State ex rel. Kucera v. The City of Wheeling,* to compel the Clerk by mandamus to perform the non-discretionary administrative duty of making the initial determination on his application to proceed in *forma pauperis.*

■ Accordingly, we find that the *Financial Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases,* require the clerk of the court to make the initial determination whether the disclosures in an applicant's financial affidavit meet the *Guidelines* to proceed in *forma pauperis.* A writ of mandamus will issue to

---

2. Aside from the practical impossibility for a court clerk to investigate the truth of the disclosures in every pauper's financial affidavit, our law presumes that people will not make false statements under oath or affirmation. An applicant seeking leave to proceed in *forma pauperis* is required to be forthright in the financial disclosures he or she lists in a financial affidavit. The applicant is also required to give his or her oath or affirmation that the information disclosed in the financial affidavit is true and complete. Further, the applicant is under a continuing obligation to inform the court of *any* change in financial circumstances (e.g., received an inheritance, received a raise, became employed if unemployed).

3. While the present version of *W.Va.Code,* 59–2–1 [1999], is different than the version considered by the Court in *Mars,* the changes to *W.Va.Code,* 59–2–1, do not require that we revisit the point of law set forth in Syllabus Point 2 of *Mars.*

4. The clerk should also provide the applicant with a copy of the form "Motion for Review: Eligibility for Waiver of Fees, Costs, or Security." This form motion, Form SCA–C & M202.03, has been approved for use in West Virginia courts and is available in every court clerk's office throughout West Virginia. It is also available at the Supreme Court website at *http://www.state. wv.us/wvsca/rules/FeeWaiver/motion.pdf.*

compel the clerk to perform that non-discretionary administrative duty.[5]

After receiving the Petitioner's application, affidavit and civil complaint from the Clerk, the circuit court denied the Petitioner's request to proceed in *forma pauperis.* No reason for the denial was given at the time by the circuit court. In response to the Petition presently before us, the circuit court explained that it "does not dispute that the petitioner seems to meet the financial guidelines based on his affidavit[.]" However, instead of granting the Petitioner's request to proceed in *forma pauperis,* the circuit court explained that it also reviewed the Petitioner's civil complaint and concluded that the civil action was frivolous and vexatious, and that the Petitioner should have to pay the required filing fee if he wanted to file the complaint *regardless* of his financial circumstances. The circuit court argues that it is within a circuit court's inherent power to require an indigent litigant to pay filing fees and costs if the circuit court, *sua sponte,* believes that the tendered civil complaint is without merit or was being filed for a vexatious purpose.

We disagree. While we appreciate the circuit court's motivation, there are substantial constitutional implications in adopting the circuit court's "pay-even-if-indigent approach" as a means of preventing the filing of dubious lawsuits. Article III, Sections 10[6] and 17[7] of the *Constitution of West Virginia* "secure and guarantee [the] right to an indigent or pauper who desires to prosecute or defend rights protected by law." *Young v. Young,* 158 W.Va. 521, 525, 212 S.E.2d 310, 313 (1975). These rights are particularly implicated where, as in the case before us, a circuit court has *sua sponte* concluded that a civil suit was frivolous or vexatious without even affording a *pro se* litigant the opportunity to be heard and address the circuit court's reservations.

In addition to the constitutional implications, there are statutory implications in the circuit court's "pay-even-if-indigent approach." The Legislature has clearly expressed that the sufficiency of a civil complaint is not a factor to be considered when determining whether a litigant is entitled to proceed in *forma pauperis.* W.Va.Code, 59–2–1(c)(1) thru (7) [1999], specifically enumerates the factors that may be considered. They are:

(1) Current income prospects, taking into account seasonal variations in income; (2) Liquid assets, assets which may provide collateral to obtain funds and other assets which may be liquidated to provide funds to pay fees, costs or security; (3) Fixed debts and obligations, including federal, state and local taxes and medical expenses; (4) Child care, transportation and other expenses necessary for employment; (5) Age or physical infirmity of resident family members; (6) Whether the person has paid or will pay counsel fees, or whether counsel will be provided by a private attorney on a contingent fee basis, an attorney pro bono, a legal services attorney, or some other attorney at no cost or a reduced cost to the affiant; and (7) The consequences for the individual if a waiver of fees, costs or security is denied.

Clearly, the merits of a civil action proposed to be filed in *forma pauperis* is not one of the enumerated factors.

We are mindful of the fact that in rare instances some litigants have demonstrated by prior conduct a willingness to engage in

**5.** We wish to be clear that we are *not* finding, for the reasons discussed below, that the Petitioner meets the financial standards required for him to be eligible to proceed in *forma pauperis* or that he is entitled as a matter of law to have the Clerk grant his pauper's application. Instead, our finding is that the Clerk had a non-discretionary duty to make the initial determination of whether the Petitioner met the guidelines for eligibility to proceed in *forma pauperis* and that the Clerk failed to perform that duty.

**6.** Article III, Section 10 of the *Constitution of West Virginia* provides as follows: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

**7.** Article III, Section 17 of the *Constitution of West Virginia* provides as follows: "The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay."

litigation that amounts to an abuse of process by repeatedly filing frivolous and vexatious civil actions. Our case law discusses the delicate balance between restricting the abusive litigants unfettered access to the courts while at the same time assuring that the litigant has access to the courts. In *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006), we discussed how a court could balance a person's right to access to the court, while at the same time prevent that person from using the courts to engage in abusive or vexatious conduct.[8] There is no indication in the record before us that the Petitioner has engaged in such prior conduct that would warrant any sort of "special" pre-filing review by a circuit judge of his civil filings.[9]

We see no reason to depart from our settled law by adopting the circuit court's "pay-even-if-indigent approach" to preventing the filing of dubious lawsuits. A poor person, particularly a poor person proceeding *pro se*, should not be exposed to the risk that a court would deny them access simply because they are unable to artfully word a civil complaint. The sufficiency of a civil complaint is not a proper factor to be considered by a circuit court reviewing a clerk's denial of an application to proceed in *forma pauperis*. Issues as to the sufficiency of a civil complaint, and whether it has merit or states a cause of action upon which relief may be granted, are for the litigants to raise by proper motion.

Accordingly, we hold that where a clerk of a court has denied an application to proceed in *forma pauperis*, and the applicant has requested a review of that denial by a judge, the sole issue to be determined by the judge reviewing the application and financial affidavit is whether the applicant meets the *Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases*.[10] We further hold that except in those cases where a litigant has repeatedly engaged in conduct amounting to an abuse of process by repeatedly filing frivolous or vexa-

---

8. In Syllabus Point 5 of our decision in *Mathena*, we set forth the minimum that a circuit court must do—and find—before restricting a *prisoner's* right of access to the courts.

> Where a circuit court is faced with a potential abuse of process by a prisoner or a prisoner's threat to abuse the judicial process, the circuit court may, subject to the following, enter an order imposing reasonable limitations on the prisoner's right to access the court. Prior to the entry of such an order, the circuit court must provide the prisoner an opportunity to show cause why such a limitation should not be imposed. If the record demonstrates a clear intention to obstruct the administration of justice, the circuit court may impose limitations on the prisoner's right of access. Any order limiting a prisoner's access to the courts must be designed to preserve his right to adequate, effective, and meaningful access to our courts. The circuit court's order imposing such a limitation must include such findings of fact and conclusions of law adequate for meaningful appellate review.

9. In *Craigo v. Hey*, 176 W.Va. 514, 521, 345 S.E.2d 814, 821 (1986), a case dealing primarily with the appointment of counsel for indigents in civil cases, we noted that federal statutes "specifically empowers the federal courts to dismiss a complaint without issuance of process when examination of the record reveals an action is 'frivolous or malicious.' *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir.1979)."

*Craigo* opined, in *dicta*, that while:

> *W.Va.Code*, 59-2-1 [1973] does not contain the same specific language mandating dismissal, ... the structure of the statute, which reposes considerable discretion in the circuit courts, fairly implies that the circuit courts are free to dismiss frivolous or malicious complaints.

*Id.*, 176 W.Va. at 521, 345 S.E.2d at 821. Our decision in *Craigo* discussed the 1973 statutory version of *W.Va.Code*, 59-2-1, whereas the case before us today is controlled by the 1999 amended version of the statute. We see no reason to elevate the *dicta* in *Craigo* to a point of law. Accordingly, to the extent the *dicta* in *Craigo* is inconsistent with our holding in this Opinion, *Craigo* is expressly overruled.

10. We wish to be clear that our rules and precedent permit a judge or magistrate to conduct a review, after the complaint is filed, as to whether a litigant is indigent and entitled to proceed in *forma pauperis*. These circumstances typically arise where information becomes available to the court that a litigant has greater assets than listed in the financial affidavit or where the litigant receives additional assets as a result of the litigation. Examples of this latter category are, *e.g.*, marital distribution in a divorce case or a settlement or award of damages in the civil case in which the litigant had previously been granted leave to proceed in *forma pauperis*. In these circumstances, the court may require the payment of fees, costs, or security previously waived, and require the timely payment (in accordance with the rules of the court) of any additional fees, costs, or security that may subsequently be incurred as a result of the litigation.

tious civil actions, a writ of prohibition will issue to bar a reviewing court from requiring an applicant, whose application to proceed in *forma pauperis* has been denied by a clerk of a court, to show that the civil complaint is not frivolous or being filed for a vexatious purpose.

■ The final issue we address is the nature of the relief to be granted in this matter. There are conflicting financial disclosures that leave us unable to find that the Petitioner's financial affidavit is sufficient to meet the eligibility for waiver of fees, costs, and security under the *Guidelines*.[11] Therefore, we find that the Petitioner has not shown that he has a "clear legal right" to *all* of the relief he has requested. *See* Syllabus Point 1, *State ex rel. Kucera v. The City of Wheeling, supra* ("Petitioners in mandamus must have a clear legal right to the relief sought therein and such right cannot be established in the proceeding itself.").

We do find, however, that the Petitioner has shown a clear legal right to compel the Clerk to make the initial determination of whether he is entitled to proceed in *forma pauperis* and, if the Petitioner's application

to proceed in *forma pauperis* is denied by the Clerk, to then seek review of that denial by the circuit court. In the event that there is a review by the circuit court, the circuit court may approve or disapprove the application or, if necessary, hold an *ex parte* hearing and require the Petitioner to "provide additional information ... to determine indigency." Rule 77(e)(2) [1998], in part, *West Virginia Rules of Civil Procedure*.

## IV.

### Conclusion

For the foregoing reasons, we find that the Petitioner has demonstrated a clear legal right to a portion of the relief prayed for, and we therefore grant a Writ of Mandamus, moulded as follows:[12]

This Court is unable to conclude, based upon the record before us, that the Petitioner has a clear legal right to proceed in *forma pauperis*. Therefore, the Clerk of the Circuit Court of Morgan County shall, immediately upon receipt of the mandate of this Court, conduct an independent review of the

---

11. The Petitioner's first financial affidavit, notarized by the Deputy Clerk, discloses that he owns ".005% of home and Lot 1 of same subdivision." The Petitioner's second affidavit discloses that the Petitioner "has a limited interest (.001% equity without the right to sell while parents remain living) in the family's property assessed for taxes as a total of $181,440." Converse to either of these two affidavits, and the disparities therein in terms of real property ownership, Paragraph 12 of the Petitioner's civil complaint states as follows:

> The Plaintiff is an owner of record of certain real estate situated in the Cacapon District of Morgan County, West Virginia, more particularly described as:
>> Lot Number (1), Cold Spring Forest Subdivision, Section I, containing 2.95 acres, as designated on the plat of Cold Spring Forest Subdivision, Section I, which plat is of record in the office of the Clerk of the County Commission of Morgan County, West Virginia, in Map Book No. 6, at Page 44; and Lot Number (3), Cold Spring Forest Subdivision, Section I, containing 5.26 acres, as designated on the plat of Cold Spring Forest Subdivision, Section I, which plat is of record in the office of the Clerk of the County Commission of Morgan County, West Virginia, in Map Book No. 6, at Page 44.

In Paragraph 13 of the Complaint, the Petitioner states that "[o]n 14 August 2001, the Plaintiff

was first recorded as an owner of Lot 3." In Paragraph 14, the Petitioner continues and states that "[t]he Plaintiff has remained as a tenant and resident of Lot 3 since 2001." While we do not look at these inconsistencies from the perspective of whether the Petitioner has made a false statement, or even for the truth of the assertions in one or both of his financial affidavits, we do look at the inconsistencies as *information* relevant to the determination of whether the Petitioner meets the requirements of the Financial Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases. The disparity between owning a very small percentage of real property, and owning several acres of land, is too great for this Court to conclude, based upon the record before us, that the Petitioner has a clear legal right to proceed in *forma pauperis*.

12. While this Opinion has primarily discussed the filing of an application to proceed in *forma pauperis* in the circuit court, this decision is not limited to circuit court filings, but includes other courts, e.g., magistrate court filings pursuant to Rule 22(b) [1993] of the *Rules of Civil Procedure for the Magistrate Courts of West Virginia* (a magistrate court clerk's denial of an application to proceed in *forma pauperis* is reviewed by the on-duty magistrate).

Petitioner's financial affidavit[s] and make an initial determination as to whether the Petitioner's financial affidavit[s] meet the *Financial Guidelines for Determining Eligibility for Waiver of Fees, Costs, or Security in Civil Cases*. If the Clerk determines that the Petitioner does meet the financial *Guidelines*, then the Clerk shall immediately file the Petitioner's civil action with a waiver of fees, costs, and security. However, if the Clerk determines that the Petitioner does not meet the financial *Guidelines* for a waiver of fees, costs or security, or if the Clerk determines that the financial affidavit[s] provides insufficient information for the Clerk to make such a determination, then the Clerk shall deny the application to proceed in *forma pauperis*. If the Clerk denies the Petitioner's application to proceed in *forma pauperis*, the Clerk shall promptly notify the Petitioner of that decision and his right to request that the Clerk forward the Petitioner's application and financial affidavit to a circuit judge for review.[13]

Writ Granted as Moulded.

---

**13.** This matter was argued pursuant to Rule 19 of this Court's *Revised Rules of Appellate Procedure* (*Revised Rules*) as a case that, on first impression, appeared to involve settled law. We determined, following briefing and argument of the parties, that the case presented the *narrow* *issue* of law of first impression discussed in this Opinion. However, we also determined that additional argument or briefing was not necessary to resolve this narrow legal issue and, accordingly, this Opinion is issued pursuant to Rule 19(g) of the *Revised Rules*.